PERKINS & GRAY v. ANDERSON ET AL.

1. **Sale**: INDUCED BY FRAUD OF VENDEE: DELIVERY: RESALE BY VENDEE: RECOVERY OF GOODS. Plaintiffs sold the goods in question to A., who obtained credit therefor by falsely representing that his name was S.. The goods were consigned by rail to the name of S., but A., by stating that he was the purchaser, induced the station agent to deliver them to him. A. then sold and delivered the goods to D. & P., who had no knowledge of the fraud. *Held* that the delivery of the goods to A. by the carrier was in effect a delivery by the plaintiffs, and that plaintiffs, having thus voluntarily delivered the goods to A., thereby enabling him to sell to D. & P., could not recover the goods from D. & P., who purchased them in good faith.

2. **Evidence**: EXCLUSION OF: ERROR WITHOUT PREJUDICE. Error in excluding competent evidence is no ground of reversal, where, from the whole record, it is clear that the judgment could not have been different had the evidence been admitted.

*Appeal from Shelby District Court.*

THURSDAY, DECEMBER 11.

ACTION OF REPLEVIN. The cause was tried to a jury. After the evidence for plaintiffs was submitted, the court, upon motion of defendants, directed the jury to return a verdict for them. Plaintiffs appeal.

*Clinton L. Nourse*, for appellants.

*Smith & Cullison*, for appellees.

BECK, J.—I. The petition shows that plaintiffs sold the

goods involved in this suit to defendant, Anderson, upon false and fraudulent representations that his name was Swede, and that he was a merchant doing business in that name; that the goods were shipped to Swede as the consignee; and that he obtained possession thereof through false and fraudulent representations. The other defendants and intervenors in the case set up purchase of the goods from Anderson in good faith, and without notice of the frauds charged by plaintiffs. The plaintiffs introduced evidence tending to prove that their agent or salesman sold the goods in question to Anderson upon his representation that his name was Swede; that Anderson was insolvent, and his standing and reputation were such that the goods would not have been sold to him in his true name, or had he been known to the salesman; that the goods were shipped by railroad, consigned to Swede; and that Anderson, by representing that he was the purchaser, induced the station agent to deliver them to him. It appears that the goods were transferred to Deicks and Pierson, who are made defendants in this action; and it is not disputed that they were good faith purchasers.

*1. SALE: induced by fraud of vendee: delivery: resale by vendee: recovery of goods.*

II. Counsel for plaintiffs state the following rule of law, which he insists is applicable to the case, and controls its decision: "When a contract for the sale of goods is induced by the frauds of the purchaser, but no delivery is made under the contract, and the purchaser afterwards wrongfully obtains possession of the goods without the assent or knowledge of the seller, the title remains in the seller, not only against the fraudulent purchaser, but also against his vendee, although the latter purchased for a valuable consideration, and without notice of defect in the vendor's title." The correctness of this rule is not disputed by counsel for defendants. Under it plaintiffs cannot recover, for the obvious reason that the goods were delivered under the contract which was induced by Anderson's fraud. Under the contract of sale the goods were shipped, and the carrier was authorized

to deliver them to the purchaser. A delivery by the carrier was a delivery under the contract, with the knowledge and assent of plaintiffs. The fact that they were shipped in the name of Swede, who had fraudulently represented that to be his true name, and thereby obtained credit, did not amount to a direction not to deliver them to Anderson, but was really authority to do so, for the reason that he was the identical person who had purchased the goods, to whom plaintiffs intended they should be delivered. The mere act of Anderson in taking posssession of the goods was not *per se* wrongful, nor did the fraud of which he was guilty consist of that act. The fraud was in his falsely assuming a name other than his true one. The plaintiffs, having voluntarily delivered the goods to Anderson, thus enabling him to commit a fraud by their sale to the other defendants, must rather suffer than those who purchased the goods from him in good faith. They, therefore, cannot recover in this action.

III. The plaintiffs offered to introduce testimony by depositions tending to show that Anderson, through fraudulent representations as to his property, had, about the time of the sale by plaintiffs, obtained credit of other persons. The evidence was rejected, which is made a ground of complaint. If we should concede that the evidence is competent, its rejection was without prejudice to plaintiffs, in the view we take of the case, which is to the effect that, if it be conceded that the sale was induced by fraud, yet, as the goods were delivered by plaintiffs under it, they cannot recover against defendants, who are good-faith purchasers from Anderson. As the fraud is conceded, in this view of the case, the decision in the court below would not have been different had the evidence been received and weighed by the court. Its exclusion, therefore, was without prejudice to plaintiffs.

*2. EVIDENCE: exclusion of: error without prejudice.*

The foregoing discussion disposes of all questions in the case argued by counsel. The judgment of the district court must, therefore, be                                    AFFIRMED.