GRAY BROTHERS, Appellees, v. ALBERT OTTO et al., Appellants.

**SALES: Remedies of Vendor—Recovery of Goods—Nonpayment of**
**1   Check.** The naked act of accepting a check in payment of personal property sold is presumed in law to be on condition that the check is good. If the check be dishonored, no payment is effected, and the property may be recovered from the vendee and from those subsequently taking the property *with knowledge of the vendor's equities.*

PRINCIPLE APPLIED: Plaintiff sold cattle and received a check from vendee. The check was deposited by vendor in his own bank, and went on its ordinary course for collection. The check

was dishonored because of lack of funds, both when the check was drawn and when presented for payment. Vendee was, in fact, insolvent. Defendant, for a long time prior to this, had held a chattel mortgage on the vendee's property, including future acquired property. Defendant learned of the sale, of the giving of the check for the cattle, and of the dishonoring of the check, and immediately sought to foreclose his old mortgage, and solely on the strength thereof, by seizing all of vendee's property, including the cattle. *Held*, plaintiff could recover the cattle from defendant.

ACTIONS:    Joinder—Misjoinder—Waiver—Pleading. Answering to the merits *after* the filing of a motion raising the question of misjoinder of causes of action, but without ruling on said motion, is, *prima facie*, a waiver of such motion.

ACTIONS:    Joinder—Misjoinder—Separation of Causes—Presumption on Appeal. A plea of misjoinder of actions may be met by a separation of the causes, and by a separate docketing. Record reviewed, on appeal, and held that it would be presumed that such separation and docketing had been done in the trial court.

*Appeal from Cedar District Court.—J. T. MOFFIT, Judge.*

FRIDAY, DECEMBER 15, 1916.

ACTION to recover property sold and delivered, on the ground that the purchaser was insolvent, and that the check delivered by him in payment for the property was dishonored. There was a judgment for the plaintiffs and the defendants appeal.—*Affirmed.*

*Ruymann & Ruymann,* for appellants.

*D. H. Snoke, D. D. McGillivray* and *J. C. France,* for appellees.

EVANS, C. J.—The record is in considerable confusion as to the state of the pleadings. Some of the assignments of error rest upon this part of the record. The material facts in the case are, in the main, undisputed, and

1. SALES: remedies of vendor: recovery of goods: nonpayment of check.

the question of merit is simple. In view of the state of the record in this regard, it will be more convenient for us to deal first with

the question of merit, and afterward with the question of pleading and procedure.

1. Gray Brothers, plaintiffs, were farmers and stockmen. One Claus Rahlfs was engaged in the butcher business at Durant. The defendants Otto and Trede were joint mortgagees in a certain chattel mortgage executed by Rahlfs as mortgagor in 1908, and covering all his property, present and future. On October 1, 1914, Rahlfs bargained with the plaintiffs for the purchase of 10 head of cattle. They were delivered the following day by the plaintiffs, who received in payment therefor Rahlfs' check for the full amount of the purchase price. The plaintiffs deposited the check to their own credit in a bank other than that upon which it was drawn. It passed through the ordinary course of collection, reaching the bank upon which it was drawn, October 6th, and was duly protested for want of funds. Rahlfs had no funds in the bank at the time the check was drawn. On the contrary, his account at the bank was largely overdrawn, and so continued up to the time of protest. The defendant Otto, who was a director of the bank, knew of the protest of the check and knew that it had been given in payment for the cattle in question. He immediately placed the mortgage of the defendants in the hands of a constable, and caused possession to be taken under this mortgage of all the property for which the check was given. Four of the cattle had been killed prior to this time, and their carcasses formed a part of the stock in the butcher shop, and were taken possession of by the defendants.

As soon as the plaintiffs learned of the protest of the check, they immediately sought to retake their property. They found the same in the possession of the defendants and demanded possession thereof, which was refused. Thereupon they instituted an action of replevin for the 6 cattle then living, and obtained possession thereof under a writ. Subsequently, they amended their petition and claimed the 4 carcasses, or their value, these in the meantime having been dis-

posed of by the defendants. The trial court found in favor
of the plaintiffs, both for the possession of the living cattle
and for the value of the carcasses disposed of. The cor-
rectness of this judgment upon the general merits is not
fairly open to debate. It is the contention of the appellants
in part that the plaintiffs accepted the check in lieu of the
cash, and that they were bound by such acceptance; that no
actual fraudulent intent was shown upon the part of Rahlfs;
that the title of the property, therefore, passed irrevocably
to Rahlfs; and that it passed from Rahlfs to the defendants
by virtue of the existing chattel mortgage. The law is well
settled otherwise. As between the plaintiffs and Rahlfs, they
had a right to demand back their property upon the dishonor
of the check. As a matter of law, the acceptance of the
check for the purchase money was tentative only, and condi-
tional that it should be honored in due course. See *Bellevue
Bank v. Security Nat. Bank,* 168 Iowa 707. The cited case
deals fully with the authorities on that question. -Rahlfs was
insolvent, and was wholly unable to protect the honor of
the check. The defendants took the property, not only with
the knowledge of the equity in favor of the plaintiffs, but
also without the knowledge or actual consent of Rahlfs, and
without any consideration other than the original consider-
ation of the mortgage with which they had parted six years
before. Their right to the possession, therefore, can rise no
higher than that of Rahlfs. *Reid, Murdoch & Co. v. Brown,*
89 Iowa 454. On the question of merit, therefore, the trial
court was clearly right in its judgment.

2. Appellant complains of misjoinder, in that the plain-
tiffs joined, in their action of replevin of the 6 living cattle,
the claim for the value of the other 4 cattle which had been
killed and disposed of, such claim being one
for conversion. It appears from appellants'
abstract that they raised the question of mis-
joinder, by motion filed in the district court. Without wait-
ing, however, for the submission of such motion to the con-

2. ACTIONS: join-
der: misjoinder:
waiver: plead-
ing.

sideration of the court, they filed their answer to the merits. In December, 1914, the trial court entered a judgment for plaintiff on the merits, no ruling having been made, or apparently requested, on defendants' motion. The filing of the answer before submitting the motion to the consideration of the court was, *prima facie* at least, a waiver of such motion.

It is made to appear, however, from appellants' abstract, that the defendants filed a motion for a new trial. While the same was pending, the judgment was set aside by the court by agreement of the parties. It is also made to appear that, in the meantime, the plaintiffs filed their petition in a separate action, wherein they claimed to recover the value of the four carcasses. By agreement of both parties, also, both cases were tried upon the same evidence. The trial court found for the plaintiffs upon both branches of their claim. Whether a separate entry of judgment was made in each case, or whether the findings in both cases were covered by one judgment entry, is not clear in the printed record before us. Neither is it made to appear in which of the two cases this appeal was taken.

3. ACTIONS: joinder: misjoinder: separation of causes: presumption on appeal.

In view of the fact that, under the statute, a plea of misjoinder may be met by a separation of the causes improperly joined, and by a separate docketing of actions therefor, we may fairly presume that this is what was done in this case. We see no fair ground of complaint by the defendants. A full and fair trial was had. The facts were involved in no uncertainty. The judgment below is, therefore,— *Affirmed.*

DEEMER, WEAVER and PRESTON, JJ., concur.