William R. Phelps et al., Appellants, *v.* Dennis C. McQuade, Respondent.

Personal property — sales — when vendor sells goods to person whom he presumes is the person he represents himself to be, the vendor, although deceived, intends to make such sale and title to goods passes.

1. Where the vendor of personal property intends to sell his goods to the person with whom he deals, then title passes, even though he be deceived as to that person's identity or responsibility. Otherwise it does not.

2. Plaintiffs, relying upon the statements of a customer that he was another person of the same surname, a man of financial responsibility, delivered to him upon credit a quantity of jewelry, and he in turn sold it to defendant, who bought it for value and

without notice of any defect in title. Upon learning of the deception practiced upon them, the plaintiffs began an action in replevin against defendant to recover the goods. *Held*, that the action cannot be maintained.

*Phelps* v. *McQuade*, 158 App. Div. 528, affirmed.

(Argued February 7, 1917; decided February 27, 1917.)

APPEAL from a judgment, entered November 28, 1913, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term and directing judgment for the defendant.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Hartwell Cabell* and *C. Monteith Gilpin* for appellants. The test of "larceny at common law" applied by the court below to determine whether or not title passed is inaccurate and misleading. (*Matter of Middleton*, L. R. [2 C. C. R.] 38.) The question whether title passed or not is to be determined by the principles of the law of contract. Where a vendor delivers his property to A in the belief that the contract of sale is with B, no title passes which will protect even an innocent purchaser for value. (Benjamin on Sales, 110; *Cundy* v. *Lindsay*, L. R. [3 App. Cas.] 465; *Consumers' Ice Co.* v. *Webster, Son & Co.*, 32 App. Div. 592; *Kinsey* v. *Leggett*, 71 N. Y. 387; *Hentz* v. *Miller*, 94 N. Y. 64; *Collins* v. *Ralli*, 20 Hun, 246.)

*Bartley J. Wright* for respondent. Where the owner parts voluntarily with his property with intent to pass title, although induced to do so by fraud, a good title passes and a *bona fide* purchaser will be protected. (*Benedict* v. *Williams*, 48 Hun, 122; *Fassett* v. *Smith*, 23 N. Y. 252; *Kaiser* v. *Harbeck*, 3 Duer, 373; *American S. R. Co.* v. *Fancher*, 145 N. Y. 552; Benj. on Sales

[9th ed.], § 13; *People* v. *McDonald*, 43 N. Y. 61; *Smith* v. *People*, 53 N. Y. 111; *Hildebrand* v. *People*, 56 N. Y. 394; *People* v. *Johnson*, 12 Johns. 292; *Ross* v. *People*, 5 Hill, 294; *People* v. *Dinmar*, 106 N. Y. 502; *Rowley* v. *Bigelow*, 29 Mass. 307; *Barnard* v. *Campbell*, 58 N. Y. 73; *Paddon* v. *Taylor*, 44 N.Y. 371; *Wise* v. *Grant*, 140 N. Y. 593.)

ANDREWS, J. One Walter J. Gwynne falsely represented to the appellants that he was Baldwin J. Gwynne, a man of financial responsibility, residing at Cleveland, Ohio. Relying upon the truth of this statement the appellants delivered to him upon credit a quantity of jewelry. Gwynne in turn sold it to the respondent, who bought it without notice express or implied of any defect in title, and for value. Learning of the deception practiced upon them, the appellants began an action in replevin to recover the goods.

The only question before us is whether under such circumstances, the vendor of personal property does or does not retain title thereto after he has parted with possession thereof.

The learned Appellate Division rested their decision upon the definition of common-law larceny, holding that where such larceny had been committed the thief acquired no title by his crime; where it had not, at least a voidable title passed.

We agree with that statement of the law. But we should prefer to define the rule in another form. Where the vendor of personal property intends to sell his goods to the person with whom he deals, then title passes, even though he be deceived as to that person's identity or responsibility. Otherwise it does not. It is purely a question of the vendor's intention.

The fact that the vendor deals with the person personally rather than by letter is immaterial, except in so far as it bears upon the question of intent.

Where the transaction is a personal one the seller intends to transfer title to a person of credit, and he supposes the one standing before him to be that person. He is deceived. But in spite of that fact his primary intention is to sell his goods to the person with whom he negotiates.

Where the transaction is by letter the vendor intends to deal with the person whose name is signed to the letter. He knows no one else. He supposes he is dealing with no one else. And while in both cases other facts may be shown that would alter the rule, yet in their absence, in the first title passes; in the second it does not.

Two cases that illustrate the distinction are *Edmunds v. Merchants' Despatch Transportation Company* (135 Mass. 283) and *Cundy* v. *Lindsay* (L. R. [3 App. Cas.] 463).

In *Edmunds* v. *Merchants' D. Transportation Company* a swindler, representing himself to be one Edward Pape, personally bought goods of the plaintiff on credit. The court held that the title passed. '' The minds of the parties met and agreed upon all the terms of the sale, the thing sold, the price and the time of payment, the person selling and the person buying. The fact that the seller was induced to sell by fraud of the buyer made the sale voidable, but not void. He could not have supposed that he was selling to any other person; his intention was to sell to the person present, and identified by sight and hearing; it does not defeat the sale because the buyer assumed a false name, or practiced any other deceit to induce the vendor to sell.''

Cases of the same type are *Perkins & Gray* v. *Anderson* (65 Iowa, 398) and *Hickey* v. *McDonald Bros.* (151 Ala. 497).

In *Cundy* v. *Lindsay* one Blenkarn, signing himself Blenkiron & Co., bought goods by letter of Lindsay & Co. The latter shipped the goods to Blenkiron & Co. They knew of the firm of Blenkiron & Son; believed the

letter came from that firm and that the goods were shipped to it. Blenkiron & Son were the persons with whom Lindsay & Co. intended to deal and supposed they were dealing. Under those circumstances it was held that although Blenkarn obtained possession of the goods he never acquired title thereto.

A similar case is *Mercantile Nat. Bank, N. Y.,* v. *Silverman* (148 App. Div. 1; affd., 210 N. Y. 567, on opinion below).

Another class of cases such as *Hentz* v. *Miller* (94 N. Y. 64) and *Consumers Ice Company of Buffalo* v. *Webster, Son & Co.* (32 App. Div. 592) illustrate the rule under different circumstances. In them, persons falsely stating that they are the agents or representatives of others fraudulently obtained possession of goods under a pretense of sale to such others. There is no intention on the part of the vendor to sell to the pretended agent or representative and no title passes.

In indictments for larceny, before the definition of that crime was changed by statute, this question of the passing of title was material; and, therefore, discussions as to whether an indictment or conviction could be sustained were relevant in cases where the question was whether or not the title had in fact passed. But in cases of each class the intention of the person having title to the goods and delivering them to another was the ultimate matter to be decided. And although it might be said in the one class of cases that where title did not pass there was no larceny; and in the other that where there was larceny the title did not pass, yet in both the test to be applied was this same intention on the part of the owner of the property.

The judgment of the Appellate Division must be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO and POUND, JJ., concur; McLAUGHLIN, J., not sitting.

Judgment affirmed.