IRA J. SCHAFFER, Appellee, v. W. E. HOCH, Appellant.

**SALES: Wrongful but Irrevocable Rescission.** A purchaser at auction sale who, without authority, obtains possession of, *and de-*

*stroys*, the note which was given in settlement of the purchases made, and tenders other notes which the seller rejects, thereby accomplishes a complete and irrevocable rescission of his sales, and arms the seller with right to re-possess himself of the property sold.

**SALES:** Numerous Purchases Constituting One Sale. Intention of 2 the parties is the material consideration on the question whether several purchases constitute only one sale. So held as to sales at an auction.

**REPLEVIN:** Existence of Other Remedies. One who is entitled to 3 the possession of property may maintain replevin, even though other remedies may be open to him.

*Appeal from Jefferson District Court.*—D. M. ANDERSON, Judge.

## JUNE 27, 1918.

ACTION of replevin by plaintiff of certain property bid off by the defendant at plaintiff's public sale. At the close of the evidence, there was a directed verdict for the plaintiff, and the defendant has appealed.—*Affirmed.*

*J. C. Mitchell, Leggett & Nady, Richard C. Leggett,* and *Thoma & Thoma,* for appellant.

*Ralph H. Munro* and *E. F. Simmons,* for appellee.

EVANS, J.—The facts immediately preceding the suing out of the writ of replevin, and upon which the respective rights of the parties rest, arose out of a public sale held by the plaintiff. The defendant was a bidder at

1. SALES: wrongful but irrevocable rescission.

the sale. He bid off five articles, as follows: one mare, $169; one mare, $161; one drill, $29; one harness, $7; fodder, $5.62.

The terms of the sale, as announced, were that a bankable note, due in 12 months, would be taken for all sums above $10, and that all sums of $10 or under must be paid in cash. One Wenger was the auctioneer, and Pauls was the clerk of the sale. The mare, Nettie, had been slightly

injured, a few days before the sale, and a guaranty was announced that she would be sound within a reasonable time. At the close of the sale, the defendant made a settlement with the clerk of the sale by giving his note for $371.62, being the sum total of his five purchases. Two or three days later, the defendant called upon Pauls at the bank where he was employed, and claimed the right to withdraw his note previously given, and to give other notes, whereby the oral guaranty given in the sale of the mare Nettie should be reduced to writing. This being assented to by Pauls, the defendant received his former note, and executed two notes, one for $210.62, and another for $161, the latter note having endorsed thereon a recital of the guaranty of the mare for which the note was given. The defendant, having obtained possession of the first note, tore his signature therefrom. It is not claimed that there was any authority in Pauls to assent to what was done on that day. When these notes were presented to the plaintiff, he refused their acceptance. More or less negotiation was had with defendant, both by the plaintiff and by Pauls, in an effort to have him make a satisfactory settlement, which efforts were quite curtly rebuffed by the defendant. The plaintiff thereupon elected to claim his property, and brought his suit accordingly. The trial court having directed a verdict in favor of the plaintiff, the defendant has appealed.

The one proposition which is argued before us, and upon which a reversal is claimed, is that the defendant's purchases were five separate transactions, and that the right of rescission as to one in no manner affected the completed transaction as to the others; that the plaintiff, having replevined all the property, must necessarily fail as to four items thereof. This argument is predicated upon the theory that the note for $210.62 covered the purchase price of four items, and that it was bankable; and that the $161 note carried the only departure from the terms of the sale.

Necessarily, the defendant has had to rest his claim upon the proposition that title passed to him as a result of a completed settlement therefor. Necessarily, also, he has had to rest upon *one* settlement for the passing of his title. The title could not have passed to him at both settlements. He has, therefore, rested his claim of title passed, upon the first settlement; and we rest thereon in our consideration of the appeal.

Whether the purchases should be deemed five separate transactions, or whether they should be deemed as reduced to one contract, is wholly a question of the intent of the parties. There is no hard and fast rule 2. SALES: numer- by which such intent may be declared. ous purchases constituting There is a sense in which each separate one sale. purchase was a separate transaction. There is a sense, also, wherein all the purchases became in the nature of an account. The acceptance of the bid did not complete either purchase. Satisfactory settlement must first be made. There was no completed transaction until the settlement note was accepted. If the separate bids were to be deemed separate transactions, then, by the terms of the sale, the $7 bid and that of $5.62 should have been paid in cash, as being sums less than $10. But both parties treated them as parts of one account, and included them in the sum total. The acts of the parties themselves, therefore, were strongly, if not conclusively, indicative of a mutual intent to merge the purchases into one completed contract. Be that as it may, we do not think that this question is at all decisive of the appeal. All of the purchases found their completion in the single settlement note. If any ground of rescission had existed in favor of the seller as to any article, he would have had to either tender back or reject this note. This would have left nothing in his hands as an accepted settlement for any part of the purchases. But, more important still, before this

note had reached the plaintiff personally, the defendant, without authority, obtained its possession, and destroyed the same as a bankable note. By that act, he himself, either rightfully or wrongfully, rescinded the very settlement upon which he rests his title. To rescind the settlement was to rescind the sale, or all the sales, if more than one; because only by the settlement could any sale become completed under the published terms of the auction.

There is room here for the argument that this attempted rescission by the purchaser was illegal and ineffective, for want of authority in Pauls to assent thereto. If the question of legality of the rescission by the purchaser were controlling, this argument would be available against the purchaser, and not in his behalf. Even though the purported rescission on his part were wrongful and legally ineffective, yet, pursuant thereto, he had obtained possession of the note and destroyed it. He thereby made the purported rescission a fact accomplished (*fait accompli*) and put it beyond the power of the seller to resist, and beyond the power of himself to yield or to revoke. By the destruction of the note, he had not only repudiated the settlement, but had rendered impossible the restoration thereof.

The fact that other remedies were available to the seller would not deprive him of the remedy adopted by him. He might, perhaps, have sued upon the note as one lost or destroyed. But the note, according to its terms, was not due for 12 months, and such suit would have to be deferred accordingly. In the meantime, he would have had no bankable note. His cause of action would not have been negotiable. He was not bound to resort to such remedy. He had a right to adopt the situation which the purchaser had created by his act of destruction, and to resume the original *status quo*.

3. REPLEVIN: existence of other remedies.

This is not a case where a seller undertakes to rescind a sale on credit, because of a subsequent failure of the purchaser to pay. The authorities, therefore, which deny to the seller such right, are not in point. This is a case where the sale itself has failed of culmination through the act of the purchaser. It bears some analogy in principle to those cases where a check is accepted by a seller in settlement of the purchase price, and is later dishonored. The settlement is regarded in law as tentative and conditional, and the seller may ignore it and retake his property. *Gray Bros. v. Otto,* 178 Iowa 854. The verdict was rightfully directed, and the judgment is—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.