CRESCENT CHEVROLET COMPANY, Appellant, v. DOROTHY LEWIS, Administratrix, d/b/a M & M CHEVROLET COMPANY, et al., Appellees.

No. 45697.

OCTOBER 14, 1941.

REHEARING DENIED JANUARY 23, 1942.

Havner & Powers and Margaret I. Cunningham, for appellant.

G. C. Stuart, A. V. Hass, and A. J. Myers, for appellees.

OLIVER, J.—Action at law to replevin an automobile. Plaintiff-appellant, Crescent Chevrolet Company, is engaged in the automobile business at Des Moines. Aaron Lewis, deceased, was engaged in said business at Chariton, as M & M Chevrolet Company. At said place defendant, Securities Acceptance Corporation, operates a branch of its loan business. Plaintiff had occasionally sold automobiles to Lewis and the Acceptance Corporation had frequently floor-planned or mortgaged automobiles for Lewis. On August 9, 1940, Lewis bought a Chevrolet car from plaintiff for $672.09, sending an employee to Des Moines for the car with a check upon a Chariton bank for the purchase price.

Upon receiving the car, Lewis immediately borrowed $617.10 from the Acceptance Corporation. This loan was secured by a chattel mortgage upon the car, which mortgage was promptly filed. Lewis died August 12, 1940, before the check he gave plaintiff had passed through the ordinary course of collection. The bank refused to pay the check, assigning the death of Lewis as the reason. At that time his bank balance was only a few dollars. Plaintiff then notified Dorothy Lewis, administratrix of the estate of Aaron Lewis, that it rescinded the sale, and, upon her refusal to return the automobile, instituted this replevin suit against the administratrix and the Acceptance Corporation, and secured possession of the car by replevin bond. It was stipulated Lewis and his estate were insolvent. Upon trial to the court, plaintiff's petition was dismissed, the administratrix was given judgment against plaintiff and the surety upon the replevin bond for the value of the car fixed at $725, the mortgage was adjudicated to be a first lien upon the car and the lien thereof impressed upon the proceeds of the judgment. Plaintiff appeals.

■ I. The trial court found plaintiff had failed to prove Lewis secured the car by false pretenses. The record shows his bank account was active with frequent substantial deposits and withdrawals. Only a few days previously he had purchased another car from plaintiff and his check given in payment cleared before his death and was paid. His bank frequently permitted him to overdraw his account. Until his death he continued making deposits therein, which from the 9th to the 12th of August aggregated some $3,300. These circumstances furnish substantial support for the finding that the record did not show Lewis guilty of actual fraud in securing this car.

■ II. We think the record also supports the finding that Securities Acceptance Corporation took its mortgage and paid the consideration therefor in good faith and without notice of any right of plaintiff in said automobile. It appears this loan was made in the ordinary course of business to a regular customer of Securities Acceptance Corporation, and without knowledge of Lewis' insolvency or of plaintiff's interest or claim. The principal circumstance relied upon by plaintiff at this point is the invoice delivered by plaintiff to Lewis and used by him

in securing the loan. This invoice itemized the various charges making up the purchase price of the car. Beneath this was, ''Total Sale $672.09'', and below that, ''Check $672.09.'' It is contended this was sufficient to put Securities Acceptance Corporation on inquiry as to the ownership of Lewis. Plaintiff knew Lewis was an automobile dealer and that the car was probably purchased for resale. The invoice given Lewis by plaintiff was some evidence of ownership in him. The use of the word ''check'' therein did not give notice to the Acceptance Corporation of any reservation of title by plaintiff, or that the check had not been paid. The trial court found the circumstances were insufficient to put the Acceptance Corporation upon inquiry and require it at its peril to investigate the transaction. The record appears sufficient to support this finding. See Capital Automobile Co. v. Ward, 54 Ga. App. 873, 189 S. E. 713. Indeed, had an investigation been made, it might have disclosed that the Lewis account was then sufficient to pay the check.

III. Another proposition for determination is whether the purchase of the car by Lewis was a cash sale in which title was not to pass to the purchaser until the check was paid or whether title passed when the check was delivered and the automobile received by Lewis' employee. In Gray Bros. v. Otto, 178 Iowa 854, 160 N. W. 293, this court held that acceptance of a check in payment for personal property delivered at the same time is tentative only and conditioned that the check be honored in due course. If the check be dishonored, title to the property does not pass, as between the parties and subsequent takers with notice of the vendor's equities. Although that case was decided prior to the adoption of the Uniform Sales Act in this state, the provisions of the act do not appear to have abrogated the doctrine there adopted. And, although there is considerable conflict in the decisions of other jurisdictions, the rule adopted in many cases, which we think is sound, is that upon a sale of personalty for cash, payment is a condition of the passing of title, and when the buyer gives a check or draft for the purchase price and it is accepted by the seller as the means of payment, it constitutes only a conditional payment and as between the parties, payment does not become absolute and title

does not pass until the paper is paid. See Annotations in 31 A. L. R. 578 and in 54 A. L. R. 526.

Of course, if the parties intended title to pass immediately, such intention will govern. In the case at bar no such intention appears. It is our conclusion this was a cash sale and, as between the parties, title to the car did not pass to Lewis.

■ IV. However, Securities Acceptance Corporation, as a bona fide purchaser for value under its mortgage, is in a different situation from Lewis. It was obvious that Lewis, an automobile dealer, was buying the car for the purpose of resale. That he would also mortgage or floor-plan it was a reasonable possibility. Notwithstanding these considerations plaintiff delivered possession of the automobile to Lewis, together with the invoice. Securities Acceptance Corporation, being thereby led to believe Lewis had title to the car, made the loan to him upon it.

Although, as between the parties, title does not pass upon delivery of check in a cash sale transaction, the authorities so holding usually recognize or assume that the doctrine does not apply to a bona fide purchaser for value. See Annotation in 31 A. L. R. 578. The decision in Gray Bros. v. Otto, 178 Iowa 854, 160 N. W. 293, points out that there the mortgagees were not purchasers for value and knew the check given for the property had been dishonored. Hence, it is not in conflict with said holdings.

The more recent authorities usually base such holdings upon the doctrine that where the owner of personal property so clothes another with indicia of title as to deceive a bona fide purchaser relying thereon, the purchaser will be protected against the true owner. The rule does not depend upon actual title, but rests upon conduct of the party which precludes him from disputing, as against the innocent acting person, the existence of the title or power which, through negligence or mistaken confidence, he caused or allowed to appear to be vested in the third party. Gustafson v. Equitable Loan Assn., 186 Minn. 236, 243 N. W. 106. This is but an application of the broad general principle that when one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury must bear the loss. Under the facts in this case, we conclude the mortgage

of Securities Acceptance Corporation is superior to plaintiff's rights.

V. The administratrix does not occupy the position of a purchaser for value of this car. She took over the estate of Lewis in her official capacity and not by purchase. Under the circumstances of this case her rights in the car are no greater than those of her decedent. She secured no title thereto because Lewis had none. Nor was she entitled to the possession thereof as against plaintiff. In re Estate of Sweet, 224 Iowa 589, 277 N. W. 712, is not here in point because in the Sweet case the party claiming possession based the right thereto upon certain instruments which indicated it was only a lienholder and which established the ownership of the property in decedent at the time of his death. Obviously, in the case at bar, the automobile never became a part of Lewis' estate so as to make it properly subject to administration therein. Under the circumstances plaintiff was not required to assert its claim in the probate proceedings and replevin suit against the administratrix was a proper remedy. 21 Am. Jur. 888; 23 R. C. L. 885.

The conclusions arrived at herein require a reversal of that part of the judgment which was in favor of the administratrix and an affirmance of the judgment adjudicating the priority of the mortgage of Securities Acceptance Corporation together with judgment for Securities Acceptance Corporation against plaintiff, and the surety upon its replevin bond in the amount due upon said mortgage, with interest, and the case is hereby remanded with instructions to enter judgment accordingly.— Reversed in part, affirmed in part, and remanded.

MILLER, C. J., and BLISS, SAGER, MITCHELL, and HALE, JJ., concur.

STIGER and GARFIELD, JJ., dissent as to Division II.