Lewis White, doing business as Lew White's Auto Sales, Appellee, v. Carl C. Pike, Appellant.

No. 47400.

(Reported in 36 N. W. 2d 761)

April 5, 1949.

Jensen & Shuminsky and H. A. McQueen, all of Sioux City, for appellant.

Crary, Munger & Crary and Carlos W. Goltz, all of Sioux City, for appellee.

MULRONEY, J.—On October 20, 1947, one David R. Middleton broke into the office building of the Baker Manufacturing Company of Omaha, Nebraska, and among other things stolen were some obsolete check blanks of the Baker Company. Three days later Middleton went to the Lew White's Auto Sales Company in Omaha and representing himself as Roland R. Baker and the owner of the Baker Manufacturing Company, he purchased a Chevrolet automobile, giving in payment therefor a printed Baker Manufacturing Company check which he filled out in the sum of $2400 and which he signed "Roland R. Baker." The plaintiff, Lewis White, accepted the check without making inquiry of the Baker Manufacturing Company in Omaha or the Omaha bank on which the check was drawn. The car was delivered to Middleton together with the Nebraska certificate of title. This certificate of title was an instrument wherein the county clerk of Douglas County, Nebraska, certified that plaintiff was the owner of the Chevrolet car. Before delivering it to Middleton, plaintiff filled out and signed the blank form on the back of the certificate wherein he, as a licensed Nebraska dealer, assigned all his right, title and interest in the car to "The Baker Manufacturing Company." He also filled out another form on the certificate which is to be used by a purchaser in applying for a new certificate of title and Middleton signed this application clause "Baker Manufacturing Company by Roland R. Baker."

Middleton drove away with the car and the next day, October 24, 1947, he appeared at defendant's used-car lot in Sioux City, Iowa. Here he again represented himself as Roland

R. Baker and the owner of the Baker Manufacturing Company in Omaha. He said he had been on "quite a party" the night before and needed cash. He bargained with defendant for the sale of the Chevrolet for a less valuable Ford and the deal agreed upon was a sale of the Chevrolet to defendant for the Ford and $800 cash. Before completing the deal defendant demanded evidence of ownership of the Chevrolet and Middleton produced the certificate of title which as stated contained the application for certificate of title signed Baker Manufacturing Company by Roland R. Baker (before the same notary public who had acknowledged White's signature on the transfer of title clause). The defendant asked Middleton to write out "Baker Manufacturing Company by Roland R. Baker" on a piece of paper and after satisfying himself that the two signatures were identical the deal was consummated, the defendant giving Middleton the Ford and the cash and accepting from Middleton a bill of sale to the Chevrolet, signed Baker Manufacturing Company by Roland R. Baker.

In the meantime, after Middleton had driven away from plaintiff's place of business in Omaha, plaintiff called the Baker Manufacturing Company in Omaha and learned that the man who represented himself as Roland R. Baker was in no way connected with the Baker Manufacturing Company and the $2400 check was worthless.

The foregoing facts were all stipulated in plaintiff's replevin action for the Chevrolet car against the defendant. The case was tried to the court, resulting in judgment for plaintiff and the defendant appeals, contending, as an innocent purchaser for value, and without notice, he was entitled to judgment as a matter of law under the stipulated facts.

I. In determining the extent of the protection which the law gives to the bona fide purchaser from a fraudulent vendee we must look to the first transaction where the vendee obtained possession of the car from the original owner. If in that transaction the original owner intended to turn over to his vendee title, along with possession, then the original owner is precluded from denying the vendee's authority to sell and the bona fide purchaser from the vendee is protected in his purchase. 55 C. J., Sales, section 647; 46 Am. Jur., Sales, section 471; Perkins &

Gray v. Anderson, 65 Iowa 398, 21 N. W. 696; Baehr v. Clark, 83 Iowa 313, 49 N. W. 840, 13 L. R. A. 717; Sullivan Co. v. Larson, 149 Neb. 97, 30 N. W. 2d 460.

So, too, if the original owner in the sale transaction turns over possession of the chattel and at the same time clothes his vendee with indicia of title to the chattel, he will be precluded from claiming the property from an innocent purchaser who relied upon the original vendee's possession of and apparent title to the chattel. Crescent Chevrolet Co. v. Lewis, 230 Iowa 1074, 300 N. W. 260; 31 C. J. S., Estoppel, section 104; 7 Blashfield Cyc. of Automobile Law and Practice, section 4356. See also Kirk v. Madsen, 240 Iowa 532, 36 N. W. 2d 757.

The rules above as applied to the stipulated facts in this case would seem to indicate that defendant should prevail. The conclusion is irresistible that plaintiff intended to give possession of and title to the car to his vendee. He certainly clothed his vendee with indicia of title when he executed and delivered to the vendee an assignment of his own certificate of title. We do not understand from plaintiff's brief that he disputes the correctness of the foregoing rules. His argument is that these rules have no application here because Middleton secured possession of the car and an assignment of the certificate of title by means of a *forged* check and title did not pass because of the forgery of the $2400 check; because of the false impersonation perpetrated by Middleton; and because plaintiff did not intend title to pass to anyone but the Baker Manufacturing Company of Omaha.

II. The stipulation speaks of Roland R. Baker as a fictitious person. There is no question but that the $2400 check was a forgery. But the applicable rule heretofore discussed operates whenever the original owner is induced by any fraud to part with his possession and title. All forgeries are a species of fraud. 37 C. J. S., Forgery, section 1; Eliason v. Wilborn, 335 Ill. 352, 167 N. E. 101, 68 A. L. R. 350. In Parr v. Helfrich, 108 Neb. 801, 803, 189 N. W. 281, 282, the fraudulent vendee obtained the car by a forged certified check. In holding the fraudulent vendee could transfer title to a bona fide purchaser the court said:

"The inquiry is: Did the owner intend to transfer the ownership as well as the possession of the property? If he did, there was a contract of sale. The essential thing in the passing of title to personal property is that the vendor and the vendee intend that the title shall pass, and not what induced them to have that intention."

The cases plaintiff cites are cases of forged title where the owner did not intend to transfer title to the wrongdoer and the latter sold to the bona fide purchaser by means of some alteration or forging the owner's name. An example of such a case is Mitchell v. Porter, 123 Cal. App. 329, 333, 11 P. 2d 58, 59, cited by plaintiff, where the owner allowed one Marks, a prospective purchaser to take the car and the certificate to go as he said to an insurance office. Marks absconded and sold the car to an innocent purchaser by forging the owner's name on the certificate. The California appellate court held the owner was not estopped for it could not be said the owner was careless in respect of any duty owed to other persons or the public since " 'persons are not to be supposed to commit forgery, and the protection against such a crime is the law of the land, not the vigilance of parties in excluding all possibility of committing it.' " But the court went on to say: "If the plaintiff [owner] had inserted his signature in the blanks on the reverse side of the certificate of ownership, and if he had thereafter entrusted his automobile and the certificate so filled out into the hands of Marks, the defendants might have cause to complain." The case well illustrates the distinction between a forged title and a title obtained by any fraudulent scheme which might include forgery. In the former, bona fide purchaser obtains no better title than his vendor had and the forged title is no title at all. In the latter the bona fide purchaser receives the title his vendor obtained or the apparent title the original owner voluntarily gave.

III. There is not much force in plaintiff's argument that plaintiff did not intend title to pass to Middleton, alias Roland R. Baker, but did intend title to pass to the Baker Manufacturing Company of Omaha. Middleton had represented himself as Roland R. Baker, the owner of the Baker Manufacturing Company. He did not represent himself as an employee of the

company or an officer of the company, if it be a corporation. The representation, insofar as Baker Manufacturing Company was concerned, was merely that Baker Manufacturing Company was another name for himself. He, in effect, fraudulently represented that Baker Manufacturing Company and Roland R. Baker were one and that he was that person. Plaintiff intended to and did turn over possession and indicia of title to that person who was before him. It is immaterial that plaintiff was deceived as to his identity. Perkins & Gray v. Anderson, 65 Iowa 398, 21 N. W. 696; Phelps v. McQuade, 220 N. Y. 232, 234, 115 N. E. 441, 442, L. R. A. 1918B 973. In the Phelps case, which cites with approval Perkins & Gray v. Anderson, supra, the rule is stated:

"Where the vendor of personal property intends to sell his goods to the person with whom he deals, then title passes, even though he be deceived as to that person's identity * * *. Where the transaction is a personal one the seller intends to transfer title to a person of credit, and he supposes the one standing before him to be that person. He is deceived. But in spite of that fact his primary intention is to sell his goods to the person with whom he negotiates."

This is not the case where a person falsely stating that he is the agent or representative of another obtained possession of goods under pretense of sale to such other. In such cases there is no intention on the part of the vendor to sell to the agent or representative and no title passes.

Under the admitted facts in this case the defendant was a bona fide purchaser for value without notice. As such he is entitled to protection if his vendor had obtained the possession of the car in a transaction where the original owner intended to give his vendor title or did give him indicia of title. The record is clear that the original owner did intend to give defendant's vendor title and did give him indicia of title. It matters not that forgery was the type of fraud employed by which the owner's intent to pass title was gained. Plaintiff is estopped from repossessing the car in the possession of defendant. The

judgment of the trial court is reversed and the cause remanded for judgment for defendant.—Reversed and remanded.

HALE, BLISS, GARFIELD, WENNERSTRUM, SMITH, and HAYS, JJ., concur.