## SIG ELLINGSON & CO. v. DE VRIES et al.

No. 14575.

United States Court of Appeals
Eighth Circuit.

Oct. 28, 1952.

Rehearing Denied Nov. 17, 1952.

Clarence G. Myers, Chicago, Ill., and William C. Blethen, Mankato, Minn. (Myers & Snerly, Chicago, Ill., and Wilson, Blethen & Ogle, Mankato, Minn., were with them on the brief), for appellant.

J. Neil Morton, St. Paul, Minn. (Dudley Weible, Forest City, Iowa, Briggs, Gilbert, Morton, Kyle & Macartney, St. Paul, Minn., and Weible & Slife, Forest City, Iowa, were with him on the brief), for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken to reverse the judgment which was rendered in favor of the plaintiffs and against the defendant in accordance with the opinion of the District Court, reported at 100 F.Supp. 781. As shown in the opinion, the action was for

the recovery of the stipulated value of 33 head of cattle which were sold by the defendant Sig Ellingson and Company, at the South St. Paul, Minnesota, livestock market in its usual course of business as a livestock commission merchant licensed as a market agency under the Packers and Stockyards Act, 42 Stat. 159, 7 U.S.C.A. § 181 et seq. It sold the cattle for one Tobias Brackey from whom it had received them for sale, and it accounted to him for the proceeds. He was not a party to this action. But the plaintiffs claimed and the court found that Tobias Brackey had obtained possession of the cattle from the plaintiffs, who were the true owners, by bidding them in at an auction sale held by plaintiffs in the usual course of their business at Buffalo Center, Iowa, and by assuming to pay plaintiffs for them with his check on the bank at Lake Mills, Iowa. When the check was presented in due course it was protested for insufficient funds and this suit was brought against the commission merchant, Sig Ellingson and Company. Plaintiffs claimed and the court held that because the check was worthless the title to the cattle did not pass from plaintiffs to Brackey and that when the defendant accepted them from Brackey and sold them for his account for slaughter it became liable to plaintiffs for conversion of them. Accordingly, plaintiffs had the judgment for the agreed value which is here sought to be reversed.

As fully disclosed in its opinion, the trial court concluded that under the law of Iowa where the plaintiffs auctioned off the cattle and Brackey obtained possession of them for his worthless check, the title did not pass and the ownership and the right to retake them remained in the plaintiffs. Birmingham v. Rice Bros., 238 Iowa 410, 26 N.W.2d 39, 2 A.L.R.2d 1108; Crescent Chevrolet v. Lewis, 230 Iowa 1074, 300 N.W. 260. It concluded that the Minnesota law was to the same effect. Gustafson v. Equitable Loan Ass'n, 186 Minn. 236, 243 N.W. 106.

Proceeding then to examination of the laws pertaining to market agencies of Iowa, the state in which the plaintiffs delivered the cattle to Brackey, and of Minnesota, the state in which the defendant sold them as a market agency for Brackey, the court concluded that the law was substantially the same in both states and that their respective courts hold a market agency liable to the true owner for conversion where it receives from its principal and sells for his account livestock of which its principal is not the owner.

The opinion of the trial court sets forth the controlling decisions in Iowa and in Minnesota which we think support its conclusions. The appellant has re-analyzed and discussed the decisions extensively in a very thorough and painstaking brief on the appeal, but we have found no error in the trial court's conclusions as to the law of Iowa and of Minnesota, nor in the application thereof to the undisputed facts in the case.

The appellant also contends here, as it did in the trial court, that the question of whether or not the market agency should be held liable in this action for conversion of the 33 head of cattle involved is a question of federal and not of state law. It does not claim that there is any provision of the Packers and Stockyards Act, nor of any other Act of Congress purporting specifically to declare the respective rights of owners of livestock who relinquish possession of it to pseudo purchasers for bad checks and licensed livestock market agencies that receive such livestock and sell it for the pseudo purchasers. There are no such provisions. But they contend that where the law of a state has imposed liability as a converter upon the market agency which sells for such a principal, it must be inferred from consideration of the requirements of the Act that the Act has voided the state law. That the Act has deprived the true owner of his cause of action against the market agency and relieved the market agency of liability.

The gist of the argument in the trial court and on this appeal is that the federal Act recognizes and treats the stockyards and market agencies as public utilities and imposes regulations in respect to them as such. Particularly, it requires the agencies to observe non-discriminatory practices in respect to the furnishing of stockyard and marketing services and prohibits unjust, unreasonable or discriminatory prac-

tices. It is argued that prior to the Act the commission merchants were free to choose their customers, but that they have been deprived of that freedom by the requirements of the Act. Assuming that the law of a State held a commission man liable under the circumstances of this case when he had such freedom to choose his customers, the contention is that by taking away such freedom Congress must be deemed to have removed the liability. It is also stressed that other public utilities such as railroads and warehousemen are not held liable when they innocently and in good faith handle goods for a principal who has obtained possession by means of a bad check.

 But it appeared to the trial court that the liability of the defendant market agency to plaintiffs which resulted from its sale of the cattle under the law of Iowa and of Minnesota was not affected either by the terms or by necessary implications of the federal Act. The services performed by the market agencies were in the nature of public utility services vitally necessary to the movement of livestock in interstate commerce before the passage of the Packers and Stockyards Act. It was on that ground that Congress had and exercised the power to regulate them for the prevention of unjust discriminations and abuses. But Congress made no attempt to declare who should be deemed the owner of cattle turned over for a bad check nor to relieve the market agencies from liability imposed by State law for selling cattle for principals who were not the owners. The Act was aimed at unjust discriminations incompatible with public utility operations, but it in no wise impairs the freedom of the market agencies to adopt proper measures to prevent and suppress frauds. The court was convinced that the Act has not superseded the law of Iowa or of Minnesota under which the defendant in this case became liable to the plaintiffs.

The opinion of the trial court and cases cited reflect that earnest arguments have been presented on behalf of the livestock market agencies to the effect that the law governing their liability or immunity in such a case as is here presented ought to be uniform at all the markets regulated under the federal Act and that the agencies ought not to be held liable for conversion in respect to cattle sales made under such circumstances as are found in this case. There are also cogent considerations of the same abstract character tending strongly to contrary conclusions. But we see no occasion to add further to that discussion. We find no error in the conclusion of the trial court that the Packers and Stockyards Act does not, either by express provision or by necessary implication, establish the rights of the parties to this action resulting from the sale of the 33 head of cattle. State law is controlling and we find no error in the declaration and application of that law by the trial court.

Affirmed.