**SIG ELLINGSON & CO. v. BUTENBACH.**

No. 14576.

United States Court of Appeals
Eighth Circuit.

Oct. 28, 1952.

Rehearing Denied Nov. 17, 1952.

Clarence G. Myers, Chicago, Ill., and William C. Blethen, Mankato, Minn. (Myers & Snerly, Chicago, Ill., and Wilson, Blethen & Ogle, Mankato, Minn., were with them on the brief), for appellant.

M. E. Culhane, Minneapolis, Minn. (Samuel Dolf, Minneapolis, Minn., and Edward R. Boyle, Clear Lake, Iowa, were with him on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

The judgment sought to be reversed on this appeal was rendered in favor of the plaintiff and against the defendant in a case which turned upon the same considerations in the District Court that controlled its decision in DeVries v. Sig Ellingson & Co., D.C., 100 F.Supp. 781. The action was for the recovery of the stipulated value of 19 head of cattle which were sold by the defendant Sig Ellingson and Company at the South St. Paul, Minnesota, livestock market in its usual course of business as a livestock commission merchant, licensed as a market agency under the Packers and Stockyards Act, 42 Stat. 159, 7 U.S.C.A. § 181 et seq. It sold the cattle for one Tobias Brackey from whom it had received them for sale, and it accounted to him for the proceeds. He was not a party to the action. But the plaintiff claimed and the court found that Tobias Brackey had obtained possession of the cattle from the plaintiff who was the true owner by pretending to purchase them from the plaintiff at Garner, Iowa, for cash and assuming to pay for them with his check on the bank at Lake Mills, Iowa. When the check was presented in due course it was protested for insufficient funds and this suit was brought against the commission merchant, Sig Ellingson and Company. Plaintiff claimed and the court held that because the check was worthless the title to the cattle did not pass from plaintiff to Brackey and that when the defendant accepted them from Brackey and sold them for his account for slaughter it became liable to plaintiff for conversion of them. Accordingly, plaintiff had the judgment for the agreed value which is here sought to be reversed.

The judgment is affirmed upon the same considerations as was the judgment in Ellingson v. DeVries, 8 Cir., 199 F.2d 677 which is handed down concurrently herewith.