WATSON BROTHERS REALTY COMPANY, appellee, v. ASSOCIATES DISCOUNT CORPORATION, appellant.

No. 48529.

(Reported in 66 N.W.2d 384)

484

October 19, 1954.

Rehearing Denied January 14, 1955.

White & White, of Harlan, for appellant.

Leonard W. Fromm, of Harlan, for appellee.

Oliver, J.—Plaintiff, Watson Brothers Realty Company (by order of court substituted for Watson Brothers Transportation Company, Inc.), was engaged in business at Omaha, Nebraska. The record indicates it was also a licensed automobile dealer and occasionally had Loyal Auto Exchange of Omaha

sell cars for it at public auction. In December 1948 it sent a Ford car to Loyal for that purpose and furnished Loyal the certificate of title required by Nebraska statutes to transfer the car to the buyer. This was assigned in blank by plaintiff so the name of the buyer could be filled in.

George E. Mickel, Jr., was an automobile dealer at Harlan, Iowa, operating under the trade name of Mickel Motors. He had frequently bought cars at Loyal's. He bought this Ford at the auction December 28, 1948, for $2000. Loyal completed the assignment in blank on the back of the certificate of title by filling in the name Mickel Motors and delivered it to Mickel with the car. Mickel gave Loyal Mickel's personal check for $2000 drawn on Shelby County State Bank, Harlan, and payable to plaintiff. Mickel took the car to Harlan the same day. Loyal delivered the check to an employee in plaintiff's office. It was endorsed by plaintiff and was deposited in its account in an Omaha bank, December 29, was forwarded through banking channels and was presented and dishonored December 30. Plaintiff learned of this some days later when it was returned. Mr. Watson testified he then telephoned Loyal, "asked him why he had given us the Mickel Motors check and why he hadn't given us his personal check as he had in the past for automobiles, and told him we weren't accepting this check as any payment for this car." Watson testified also: "He [Loyal] was to sell the car and deliver to us his check."

Defendant, Associates Discount Corporation, was engaged in the automobile finance business. It had a branch office in Omaha through which Mickel regularly borrowed money on automobiles purchased by him for resale. These loans were secured by chattel mortgages which provided the cars could be displayed in the mortgagor's salesroom and sold by him at retail. This is a well-known method of financing automobile dealers. A witness referred to it as the wholesale floor plan and also as the chattel mortgage floor plan. Defendant supplied Mickel with forms of its notes and chattel mortgages to be used in these loans. These loans were frequently made to Mickel before defendant inspected the cars or checked Mickel's title.

December 30, 1948, Mickel sent defendant his note for $4210 and a chattel mortgage on the Ford and two other cars, securing

the note. Defendant made the loan and sent Mickel a check for that amount. Mickel endorsed the check to Shelby County State Bank. It was paid by the drawee Omaha bank December 31. About January 2 or 3, 1949, a representative of defendant inspected the three mortgaged cars in Mickel's showroom in Harlan. January 3 Mickel filed the Nebraska certificate of title in the office of the Treasurer of Shelby County, in order to license the Ford in Iowa. About January 4 or 5 Mickel went out of business and defendant took possession of the three cars under the provisions of the mortgage. Two of them were thereafter sold by defendant for a total of $2375. Those were the only payments made on the $4210 indebtedness.

Plaintiff instituted this action January 7, and the Ford car was taken from defendant under the writ of replevin. Defendant's local manager testified that not until then did he learn there was any question as to the title of Mickel to this Ford car. The parties stipulated the car was worth $2000 when thus taken. Later it was sold by plaintiff.

Plaintiff's petition in replevin alleged merely: "* * * plaintiff is the qualified owner of * * * [the automobile] * * *; plaintiff acquired its qualified ownership by a lien for the purchase price in that * * * Mickel * * * did * * * purchase the automobile from the plaintiff * * * for the purchase price of $2000; that the said sum is wholly unpaid and has not been settled for." In addition to denying various allegations of the petition, the answer set up the $4210 loan to Mickel and pleaded defendant was an innocent mortgagee for value from Mickel, the owner and holder of the legal title, and defendant was in actual possession of the car when it was wrongfully taken by plaintiff under the writ of replevin and was entitled to the possession thereof. Trial to the court without a jury resulted in judgment for plaintiff and this appeal by defendant.

■ There is no substantial dispute in the record and the appeal involves questions of law, only. The evidence indicates the sale of plaintiff's car at auction by its agent Loyal was intended to be a cash transaction. In such cases it has been held acceptance of a check in payment for personal property delivered at the same time constitutes only a conditional payment, and,

as between the parties, payment does not become absolute and title does not pass to the vendee until the paper is paid. Crescent Chevrolet Co. v. Lewis, 230 Iowa 1074, 300 N.W. 260; White v. Pike, 240 Iowa 596, 36 N.W.2d 761; 46 Am. Jur., Sales, section 447; annotations in 31 A. L. R. 578 and in 54 A. L. R. 526.

■ ■ However, the original vendor who has given his vendee possession of the chattel and clothed such vendee with indicia of title thereto will be precluded from claiming it from an innocent purchaser, who relied upon the possession and apparent title of the original vendee to the chattel. Crescent Chevrolet Co. v. Lewis, supra, 230 Iowa 1074, 300 N.W. 260; White v. Pike, supra, 240 Iowa 596, 36 N.W.2d 761; annotations in 18 A. L. R.2d 813, 830 et seq., 848 et seq. We have said this is merely an application of the broad general rule that where one of two innocent persons must suffer by the act of a third person, he who puts it in the power of the third person to inflict the injury must bear the loss.

■ The record here shows defendant was a bona fide purchaser for value, of the Ford car. Defendant pleaded it was an innocent mortgagee for value. It appears without dispute defendant had no actual knowledge Mickel's ownership of or title to the car was subject to any condition or lien. It was not required to make inquiry or investigation unless it was in possession of such information as would put a reasonable man upon inquiry and which, if prosecuted with ordinary diligence, would have resulted in a discovery of plaintiff's rights. Hull-Dobbs Motor Co. v. Associates Discount Corp., 241 Iowa 1365, 1370, 44 N.W.2d 403; Commercial Credit Corp. v. Interstate Finance Corp., 236 Iowa 459, 18 N.W.2d 178, 159 A. L. R. 663.

For some time, defendant had regularly financed cars bought by Mickel for resale. The procedure adopted in connection with this loan was substantially the same as in previous transactions between the parties. This was not a suspicious circumstance. It would tend to show absence of notice of any infirmity in law in Mickel's title to the mortgaged cars. See 77 C. J. S., Sales, section 289 (f) (1), page 1091.

■ The judgment entry points out that neither the property

nor the certificate of title was exhibited to defendant to secure the loan. From this it is concluded defendant, in making the loan, did not rely upon either Mickel's possession or his indicia of title. This conclusion overlooks language in the mortgage warranting and defending the mortgaged cars to defendant against all claims and demands and agreeing to retain possession thereof, etc. Mickel actually had possession and indicia of title. Defendant accepted his statements and conduct that he had possession and title. It was not required to limit itself to visual proof or evidence admissible in a court of law.

It is our conclusion the judgment against defendant sustaining the writ of replevin was erroneous. The judgment is reversed and the cause remanded for judgment for defendant in accordance herewith.—Reversed and remanded.

All JUSTICES concur.