GENERAL INSURANCE COMPANY OF AMERICA, Appellant,

v.

SCHNELL LIVESTOCK MARKET, INC., Appellee.

No. 18010.

United States Court of Appeals
Eighth Circuit.

Jan. 6, 1966.

Donald R. Shultz, of Whiting, Lynn, Freiberg & Shultz, Rapid City, S. D., for appellant.

Ward M. Kirby, of Mackoff, Kellogg, Kirby & Kloster, Dickinson, N. D., for rehearing.

Before MATTHES and GIBSON, Circuit Judges, and REGAN, District Judge.

## PER CURIAM.

The matter now before the Court is a petition for rehearing filed by Schnell Livestock Market. In the decision of this case, we reversed the District Court of South Dakota and declared that General Insurance Company could not be held liable on a statutory "Market Agency Bond" issued to cover the activities of Martin when acting as commission agent. The basis of our decision was simply that in the transactions between Martin and Schnell, Martin was acting not as a market or commission agent, but as a livestock dealer, and therefore, this particular bond specifically limited to market agency activities could not be applied to what clearly appeared to us to be a sale transaction.

Schnell in its petition for rehearing alleges that our decision in Sig Ellingson & Co. v. De Vries, 199 F.2d 677 (8 Cir. 1952) is inconsistent with the position taken herein. The De Vries case involves a situation where a buyer purchases cattle and pays for them with a worthless check. He then delivers the cattle to a livestock market, which in turn sells them to various third parties. We held in that case that the original seller could recover in a conversion action against a market agency that subsequently receives and sells the cattle on behalf of a principal that originally obtained the same by payment with a worthless check.

As petitioner recognized, De Vries did not involve, in any way, the applicability of a bond to the transaction. Therefore, it is difficult for us to understand why petitioner feels the two decisions to be inconsistent. In the case at hand our sole concern is the applicability of this marketing agency bond to a particular transaction between two principals. The dealer bond executed by Martin is obviously applicable, but is not at issue in this case. We are not concerned with the liability of Martin to Schnell, for this liability is clear beyond doubt and a surety contracting to cover that liability would be equally responsible. Nor are we concerned, as we were in De Vries, with the liability of third party handlers of cattle initially purchased with worthless checks. Since the only issue herein is the applicability of the "Market Agency Bond" to this particular transaction between Martin and Schnell, and since De Vries was concerned with an altogether different issue, the question of bonds never being raised, we are convinced that our decision herein is perfectly consistent with our opinion in De Vries.

Petitioner also makes much ado about the sales by Martin made to third parties after he received the cattle from Schnell. The critical transactions for a determination of the issue in this case, however, are the transactions and communications between Martin and Schnell. It is only through these transactions with Schnell that the nature of the Bonding Company's liability to Schnell can possibly be established. Martin's later activities can only serve as evidence of its position at the time of the critical transactions with Schnell and are not determinative of this critical relationship. With this in mind, it is clear from the record that Martin's later activities

clearly indicate that he was acting on his own behalf and not as an agent for Schnell.

 We believe that the record consistently and conclusively supports our findings and there being no inconsistency between this decision and prior decisions of this or other Courts, it is our opinion that nothing could be gained by a further hearing of this case. Accordingly the petition for a rehearing is denied.