(32 App. Div. 592.)

CONSUMERS' ICE CO. OF BUFFALO v. E. WEBSTER, SON & CO.

(Supreme Court, Appellate Division, Fourth Department. July 26, 1898.)

SALES—CONTRACT—MISTAKE AS TO PARTIES—REPUDIATION.
    A party to an executory contract of sale was led to believe by the person who negotiated the contract in behalf of the vendee that he was acting for a particular firm, whereas he was contracting for a corporation engaged in the same business, under the same name, the existence of which corporation was unknown to the seller. *Held*, that he might repudiate the contract.

Appeal from trial term.

Action by the Consumers' Ice Company of Buffalo against E. Webster, Son & Co. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appealed. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Tracy C. Becker, for appellant.
Frank F. Williams, for respondent.

FOLLETT, J. This action was begun September 23, 1896, to recover damages for the failure of the defendant to deliver ice, pursuant to the following contract:

"For and in consideration of the sum of one ($1.00) dollar to us, the undersigned, E. Webster, Son & Co., a corporation created and existing under and by virtue of the laws of the state of New York, and doing business in the city of Buffalo, N. Y., in hand paid by the Consumers' Ice Company of Buffalo, the receipt of which is hereby acknowledged, we do hereby agree to and

with said Consumers' Ice Company to furnish and deliver to them, at the price of one dollar and twenty cents ($1.20) per ton, a sufficient quantity of ice as the said Consumers' Ice Company may demand, and require for its retail trade in the city of Buffalo, up to the first day of March, 1897, the delivery of such ice to be made by us at our Alabama Street Station, in said city. It being understood that this agreement is intended by us to furnish the said Consumers' Ice Company a sufficient quantity of ice for their retail business only when said Consumers' Ice Company has no ice on track in the city of Buffalo; and it is further agreed that strict and prompt fulfillment of the foregoing agreements are of the essence of this contract. Witness the signature of the treasurer of the said E. Webster, Son & Co., and its corporate seal hereunto affixed, this third day of July, 1896.

"[Corporate Seal.]                                      E. Webster, Son & Co.,
                                                        "Per E. H. Webster."

Prior to July 3, 1896, John Wollenberg and Nathan P. Taft were partners, engaged in dealing in ice in the city of Buffalo, under the name of "Consumers' Ice Company." June 30, 1896, John Wollenberg, Nathan P. Taft, and Willet E. Hazard executed a certificate of incorporation, by which they formed a corporation under the name of "Consumers' Ice Company of Buffalo," with a nominal capital stock of $15,000, divided into 300 shares of $50 each, for the purpose of manufacturing, gathering, purchasing, and selling ice, which certificate was filed in the office of the secretary of state July 1, 1896, and in the office of the clerk of the county of Erie July 3, 1896, at 4 o'clock and 33 minutes in the afternoon, and began business with $2,000 of its capital stock paid in. The defendant is a domestic corporation, also engaged in dealing in ice at the city of Buffalo. It is conceded that the defendant refused to deliver any ice, pursuant to the contract. Several defenses were interposed in the answer, and asserted on the trial, and, among others, that the defendant executed the contract believing that the Consumers' Ice Company was a partnership, composed of John Wollenberg and Nathan P. Taft, which firm had been doing business in Buffalo for some years. The treasurer of the defendant testified that on the 13th of July, 1896, he had a conversation with John Wollenberg, in which he repudiated the contract, on the ground that, when executed, it was not disclosed that the promisee named in the contract was not the old firm, but a corporation. The defendant, on the trial, offered to prove that, during the negotiations in the contract, it was expressly stated that the contract was for the benefit of the old firm. This evidence was excluded, to which ruling the defendant excepted.

The court held that if it should be established that it was represented to the defendant that the Consumers' Ice Company was the old firm, when, in fact, the name represented the corporation, it would not be a legal ground for the defendant's refusal to perform the contract. In this the court erred. In case a party to an executory contract for the future sale and delivery of property is led to believe, by the person who negotiates the contract in behalf of the vendee, that he is acting for a particular firm, and it turns out that he was contracting for a corporation engaged in the same business, under the same name, the existence of which corporation was unknown to the vendor, he may repudiate the contract on discovering that the vendee is a corporation instead of the firm with which he

understood he was contracting. One who enters into an executory contract for the future sale and delivery of property has the absolute right to know with whom he is contracting. In case the jury should find that the existence of the plaintiff corporation was unknown to the officers of the defendant, and that they were led to believe they were contracting with the firm having the same name of the plaintiff corporation, the minds of the parties never met, and there was no contract; and if, as the defendant offered to prove, it was represented by the person negotiating the contract for the plaintiff that he was making it for the firm, it was a misrepresentation, and there was no contract; and, in case ice had been delivered under it without knowledge of the facts, title to the ice would not have passed to the plaintiff. Ice Co. v. Potter, 123 Mass. 28; Arkansas Valley Smelting Co. v. Belden Min. Co., 127 U. S. 379, 387, 8 Sup. Ct. 1308; Winchester v. Howard, 97 Mass. 303; Hardman v. Booth, 1 Hurl. & C. 803; Cundy v. Lindsay, 3 App. Cas. 459; Iron Co. v. Elliott, 34 N. J. Law, 184; 1 Pars. Cont. (8th Ed.) 581; Leake, Cont. 32 et seq.; 1 Benj. Sales (Corbin's Ed.) 78 et seq.; Blackb. Sales (2d Eng. Ed.) 167 et seq.; Pol. Cont. (4th Eng. Ed.) 420 et seq. The case at bar is not like an executed sale of goods for cash, and is distinguishable from the cases arising over such transactions. In this case the contract was to furnish sufficient ice to supply the customers of the vendee, which supposed vendee had been in business in the city of Buffalo for several years; and the vendor must be supposed to have contracted with reference to the extent of the vendee's business. The vendor was not bound to accept the contract of this corporation with a small capital, but $2,000 of which were paid in, but had the right to rely upon the financial ability of the firm with which it was understood the contract was made. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.