Bond Trouser Co., Inc., Plaintiff, v. American Railway Express Company, Defendant.

City Court of the City of New York, March 12, 1925.

Carriers — action to recover value of merchandise delivered by plaintiff to carrier — stoppage in transitu — plaintiff notified carrier by telegram to withhold delivery of merchandise on learning of fraud — carrier liable for delivery.

A carrier is liable for delivery to a person who has imposed upon a consignor and who, by fraudulently representing his identity, has procured a shipment to be made to him. Moreover, under such circumstances, title to the shipment does not pass to the fraudulent consignee.

Accordingly, the defendant, to which the plaintiff delivered certain merchandise for shipment, is liable in an action to recover the value of the shipment, where it appears that the plaintiff, upon learning that a fraud had been perpetrated upon it and within two days after the delivery of the merchandise to the defendant, telegraphed said defendant, notifying it to withhold delivery of the merchandise, since, in view of the evidence, defendant failed to exercise reasonable care and diligence in carrying out plaintiff's instructions and was guilty of negligence in making delivery to the fraudulent consignee.

Action to recover the value of clothing delivered by the plaintiff to the defendant for shipment.

*Marks & Marks* [*Isaac Marks* of counsel], for the plaintiff.

*C. C. Evans*, for the defendant.

Shientag, J.:

Both sides moved for the direction of a verdict and neither side asked to have any question submitted to the jury. The plaintiff sues the defendant on two causes of action to recover the sum of $308, and on the trial stipulated to limit its claim to $300, being the given value of certain clothing delivered by the plaintiff to the defendant on August 16, 1922, to be shipped to Davis Bros. & Weissman, No. 1272 Market street, San Francisco, Cal. The first cause of action is based on the neglect of the defendant to obey the plaintiff's instructions to withhold delivery of the shipment; and the second cause of action asserts a misdelivery of the merchandise. The plaintiff was engaged in the manufacture of men's suits in the city of New York. On August 15, 1922, plaintiff received a telegram from San Francisco, signed " Davis Bros. & Weissman," ordering certain suits to be expressed to " my San Francisco store, 1272 Market street * * *. If satisfactory can use more my other stores." Pursuant to this telegram the merchandise was forwarded by express on August 16, 1922, directed to and with transportation charges to be collected from Davis Bros. & Weissman, No. 1272 Market street, San Francisco, Cal.

**620**   Bond Trouser Co., Inc., *v.* American R. Express Co.

City Court of New York, March, 1925.   [Vol. 124]

Invoice to cover was mailed on the same date. On August 18, 1922, plaintiff telegraphed to defendant's agent at the point of destination: "Do not deliver under any circumstances shipment consigned to Davis Bros. & Weissman, 1272 Market street, San Francisco, Cal. Charge number 0427345, dated August 16th. Wire acknowledgment our expense. Return shipment immediately upon receipt." The reply telegram of the same date advised that instructions "must come through our New York agent. See him." On August nineteenth plaintiff sent a letter to the defendant at Fifteenth street and Fifth avenue, New York city, requesting it to "stop shipment consigned to Davis Bros. & Weissman, 1272 Market street, San Francisco, shipped August 16, as there is no firm of that name in San Francisco." The shipment was not received back by the plaintiff and was never paid for. It is conceded that the merchandise was delivered to the party who sent the telegram ordering the goods. On August 25, 1922, the plaintiff received the following telegram from the real firm of Davis Bros. & Weissman: "Received invoice of August sixteenth for three hundred eight dollars, addressed to twelve-seventy-two Market St., San Francisco. We have no store in San Francisco, only Oakland. Will not accept merchandise which we know nothing about. Davis Bros. and Weissman." The inference from the testimony and exhibits is clear to the effect that a fraud was perpetrated on the plaintiff by one posing as Davis Bros. & Weissman, and that there was no such concern in San Francisco by that name. It has been held in this and in other jurisdictions that a carrier is liable for delivery to a person who has imposed upon the consignor and who by fraudulently misrepresenting his identity has procured the shipment to be made to him. (*Price* v. *Oswego & Syracuse R. R. Co.*, 50 N. Y. 213; *Pacific Express Co.* v. *Shearer*, 160 Ill. 215.) It has likewise been held that in a situation such as is presented in this case title does not pass to the fraudulent consignee. "Where the transaction is a personal one the seller intends to transfer title to a person of credit, and he supposes the one standing before him to be that person. He is deceived. But in spite of that fact his primary intention is to sell his goods to the person with whom he negotiates. Where the transaction is by letter the vendor intends to deal with the person whose name is signed to the letter. He knows no one else. He supposes he is dealing with no one else. And while in both cases other facts may be shown that would alter the rule, yet in their absence, in the first title passes; in the second it does not." (*Phelps* v. *McQuade*, 220 N. Y. 232, 235. See, also, *Cundy* v. *Lindsay*, L. R. 3 A. C. 459; *Hentz* v. *Miller*, 94 N. Y. 64.) "A method of fraud upon the seller not infrequently com-

mitted is for a fraudulent buyer to obtain goods by inducing the seller to believe that the sale is made to another person having good credit. * * * Thus, where the buyer in person obtains the assent of the seller to a sale to him of the goods by pretending to be some one else, title passes, although as between the parties the transaction is voidable. In such a case, though, it is true the seller intends to transfer title to the person of good credit, whom he supposes to be the person standing before him, his primary intent is to transfer title to the person before him. * * * On the other hand, if goods are ordered by mail, by a fraudulent person, the name of a responsible buyer being used as a means of deception to induce the seller to send forward the goods, the seller's primary intent is to sell the goods to the person whose name appears to be signed to the letter." (Williston Cont. § 1517. See, also, *Consumers Ice Co.* v. *Webster, Son & Co.*, 32 App. Div. 592.) It is not necessary, however, to invoke the rather extreme rule laid down in the case of *Price* v. *Oswego & Syracuse R. R. Co. (supra)* or to attempt to distinguish the facts in that case from those presented in the instant case. Nor is it essential to go to the point of holding that title to the goods never passed to the fraudulent consignee in order to sustain a recovery by the shipper. Since a contract induced by fraud is voidable, the defrauded party may elect to rescind the contract upon the discovery of the fraud. This the shipper in the instant case undertook to do. It notified the carrier promptly to stop the shipment, giving the reason therefor. The carrier in a letter dated September 29, 1922, addressed to the plaintiff, says: " Referring to your claim for the above mentioned shipment for which instructions were issued to stop delivery. We have received a report from one of our officials, San Francisco, wherein it is shown that instructions were issued to all interested employees promptly upon receipt of telegram and every effort made to comply; however, they were not successful in locating the shipment and it was delivered as addressed." The goods were delivered to the carrier in New York on August 16, 1922, for shipment to San Francisco. On August eighteenth and again on August nineteenth plaintiff directed that shipment be stopped. The carrier was clearly informed of the plaintiff's intention and desire, and the shipment in question was promptly identified. Taking judicial notice of the distance between New York and San Francisco and the time that is required to ship the goods from one place to the other by express, I find that the defendant failed to exercise reasonable care and diligence in carrying out the directions of the shipper, although it was given ample opportunity to do so, and that under all the circumstances of the case defendant was negligent in making delivery to the fraudulent consignee. *Motion*

to dismiss the complaint is denied, and judgment is directed in favor of the plaintiff and against the defendant for the sum of $300, with interest from August 18, 1922, together with the costs and disbursements of the action. Exceptions allowed to the defendant, and it is granted a stay of execution of thirty days and sixty days within which to make a case.