MANHATTAN EGG CO., INC., Plaintiff, v. SEABOARD TERMINAL AND REFRIGERATION COMPANY, Defendant.

City Court of New York, New York County, August 13, 1929.

*I. Gainsburg* [*Joseph R. Segal* of counsel], for the plaintiff.

*Limburg, Riegelman, Hirsch & Hess* [*Harry F. Mela* of counsel], for the defendant.

SHIENTAG, J. The motion is by the plaintiff to strike out the counterclaim contained in the defendant's answer upon the ground that it is not one which may be interposed in the action. Plaintiff sues for money had and received. Defendant counterclaims, alleging that 220 cases of eggs which were in the defendant's possession were stolen from it and sold to the plaintiff; that defendant, before the commencement of the present action, demanded their return from plaintiff or payment therefor, which the plaintiff refused; that by reason thereof plaintiff became indebted to defendant for their value, which it agreed to pay to defendant. Concededly the counterclaim, if in tort for conversion, sets forth a good cause of action, but if so it cannot be interposed in this case, for it does not arise out of the transaction set forth in the complaint. Two questions are presented: (1) Does the counterclaim set up a good cause of action in quasi-contract, *i. e.*, an obligation imposed by law? (2) May an action in quasi-contract be set up as a counterclaim in an action on an independent contract under subdivision 2 of section 266 of the Civil Practice Act? 1. If A stole goods belonging to B

the latter could sue him at common law in trover for conversion. With the development of *indebitatus assumpsit* it was held that if the thief converted the stolen property into money the owner could waive the tort; that is, his remedy for tort, and resort to the new and more convenient remedy, the law implying an obligation on the part of the converter of the goods to pay over the proceeds to the rightful owner. To bring the case within the new writ the fiction of a contract was created. There developed a conflict in the authorities as to whether or not the remedy in assumpsit would apply against one who converted goods but did not turn them into cash. At an early date it was held in this State, in accordance with the prevailing view, that such remedy would apply. If A stole goods belonging to B and sold them to C, a purchaser without notice, what rights would B have against C? Clearly he could not be deprived of his ownership by A's wrongful act, and after demand on C for the goods and his refusal to turn them over could sue C in trover for conversion. C's wrong consisted in withholding the goods from the owner after the latter's demand for them. Under the older cases the remedy in assumpsit would not lie as against C, because, being a purchaser in good faith and for value, it was held that he was not unjustly enriched at the expense of the true owner. A historical review of the development of the various forms of action and the writs issued thereunder would be necessary to show the reasons for this distinction. Suffice it to say they have no application under our modern code system. I hold, therefore, in all cases of conversion, whether involving the original wrongdoer or one acquiring from him by purchase, the true owner may waive his remedy in tort and proceed in assumpsit on the theory of an obligation imposed by law or a quasi-contract. (Woodward Quasi-Contract, § 279; *Sage* v. *Shepard*, 4 App. Div. 290; affd., 158 N. Y. 672; *McGoldrick* v. *Willits*, 52 id. 612, 620; *Miller* v. *Schloss*, 218 id. 400, 407.) 2. Under subdivision 2 of section 266 of the Civil Practice Act, " in an action on contract, any other cause of action on contract existing at the commencement of the action " may be set up as a counterclaim. Is an action on quasi-contract based upon a conversion, " an action on contract " within the meaning of this provision? The subject is discussed in another connection and the question left open in *Kittredge* v. *Grannis* (244 N. Y. 182, 188–191). It would seem that without attempting to reconcile the authorities in this and other jurisdictions the adoption of the following principles would bring about the most practical and equitable solution: (a) Give the owner of converted goods his choice of remedies, tort or assumpsit. (b) Having chosen his remedy, make the nature of the action selected rather than the

underlying nature of the obligation " the determinative factor," so far as matters of practice are concerned at any rate. The common law invented the fiction of a contract in these cases. That fiction to a considerable extent has outlived its usefulness. It should either be wiped out entirely and the necessary readjustments made, or it should be treated at its face value. For the courts, the latter solution would seem the more feasible. Provisions dealing with counterclaims particularly should receive a liberal construction in order to avoid multiplicity of actions. I hold, therefore, that the counterclaim is properly interposed. (*Job & Co. v. Sanders*, 121 Misc. 760.) Motion denied. Order signed.