[No. 21852. Department One. September 6, 1929.]

HARRY W. PORTER, *Respondent,* v. JOHN M. BARETICH et al., *Appellants.*[1]

*Thomas L. O'Leary,* for appellants.

*Frank P. Christensen* and *Phil K. Eaton,* for respondent.

BEALS, J.—In his complaint in this action, plaintiff alleges that one Perry E. Joy, February 17, 1927, sold to defendants a cash register at the reasonable and agreed price of $415.25; that defendants were given credit on the purchase price of the new machine in the sum of $102.75 for an old machine, turned in by defendants, and for a cash payment of $37.50; that thereafter the Remington Cash Register Sales Association, Inc., a Washington corporation (in which Perry E. Joy,

[1]Reported in 280 Pac. 78.

his father and a brother were interested and which was the local sales agent of the manufacturer of Remington cash registers), succeeded to the rights of Perry E. Joy in and to the contract between him and defendants, and that thereafter the contract was assigned to plaintiff; that the sum of $275 is due plaintiff on account of the purchase of the cash register, for which amount judgment was demanded. A copy of the contract, which plaintiff alleged defendants entered into for the purchase of the cash register, was attached to plaintiff's complaint as an exhibit.

Defendants answered, admitting the signing of a writing concerning the purchase of the cash register, alleging that they were unable to say whether or not the writing pleaded by plaintiff was the one signed, as no copy thereof was ever delivered to defendants. The answer continued with denials of the material allegations of plaintiff's complaint and, by way of an affirmative defense, alleged that Perry E. Joy, in negotiating with defendants for the sale to them of the cash register, represented himself to be the agent of the Remington Cash Register Company, Inc., of Ilion, New York, a manufacturer of cash registers; that defendants believed they were dealing directly with the manufacturer, and that Mr. Joy agreed that his principal would service the cash register sold to defendants, without expense to defendant, for the period of one year; that the cash register selected by defendants was subsequently delivered to them; that the same was unsatisfactory and that certain appliances and attachments, which it was agreed would be delivered with the cash register, were not delivered. Defendants, in their answer, prayed for a judgment of dismissal.

The action proceeded regularly to trial and resulted in a judgment in favor of plaintiff for the full amount sued upon. From this judgment, defendants appeal.

Mr. Perry E. Joy, called as a witness on behalf of respondent, testified to the negotiations between himself and appellant John Baretich and, on cross-examination, admitted that the cash register which Mr. Baretich purchased had been his, the witness's individual property, and was not the property either of the manufacturer or of the local sales agency, a corporation of which the witness was an officer. This testimony was in line with the allegation of respondent's complaint that the cash register had been sold to defendants by Perry E. Joy. The memorandum of agreement received in evidence on behalf of respondent is filled in on a printed form headed, "Remington Cash Register Company, Inc., Ilion, New York," and at the end thereof appear the following words, "All orders subject to acceptance by the company at Ilion, New York." The agreement is signed by P. E. Joy on the line upon which appears the word "witness."

A reading of the statement of facts satisfies us that appellant John Baretich, at the time he agreed to purchase the cash register, believed that he was purchasing a second-hand machine from the company which had manufactured it, and that Mr. Baretich did not understand that he was dealing with Perry E. Joy as an individual.

The trial court found that Perry E. Joy and the Remington Cash Register Sales Agency, Inc. (the Washington corporation) sold the machine to appellants for the reasonable and agreed price of $415.25, being the amount named in the contract sought to be enforced by plaintiff.

Under the pleadings and the testimony, we hold this finding to be incorrect in so far as it states that any sale was purported to have been made by any person other than Perry E. Joy. We are also convinced, from the record before us, that appellants never intended to

deal with Perry E. Joy or to purchase any machine from him. This being true, respondent cannot recover upon the contract sued upon. 13 C. J. 378; *Arkansas Valley Smelting Co. v. Belden Mining Co.*, 127 U. S. 379 (387); *Consumers' Ice Co. v. Webster, Son & Co.*, 32 App. Div. 592, 53 N. Y. Supp. 56, *Paine v. Loeb*, 96 Fed. 164.

█ Appellants frankly admit that, by reason of the fact that they used the cash register and were using it at the time of trial, after they were fully advised as to all the facts surrounding the delivery of the same to them, they are liable upon a *quantum meruit* for the reasonable value of the property.

Appellants contend that no assignment of the claim or cause of action from Perry E. Joy to the Remington Cash Register Sales Association, Inc., a corporation, was proven. In view of the fact that, in our opinion, further testimony must be taken before a proper judgment can be entered, this matter may be left for the future determination of the trial court after the parties have introduced such testimony as they desire.

In view of the liberal rules of practice now in force concerning amendments (Rule III, Rules of Pleading, Procedure and Practice adopted by the supreme court, January 14, 1927; Rem. 1927 Sup., § 308-3), we will not order the action dismissed, but the judgment appealed from is reversed with directions to the trial court to hear testimony as to the reasonable value of the cash register, and such other testimony as may be offered by either party, and deemed admissible under the rules of evidence.

Appellants will recover costs in this court.

MILLARD, HOLCOMB, TOLMAN, and FULLERTON, JJ., concur.