A. Franklin Mahoney, J.
The plaintiff moves for an order pursuant to CPLR 3212, granting summary judgment in its favor on the following facts.
Admiral Credit Corporation, plaintiff’s assignee, and Colonial Home Equipment Corporation, executed a security agreement on September 28, 1967 and on or about the same date Admiral Credit Corporation perfected a security interest in the collateral specified in the security agreement-by filing the executed financing statement of Colonial Home Equipment Corporation with the Secretary of State and the Albany County Clerk. Thereafter, Admiral Credit Corporation delivered to Colonial Home Equipment Corporation certain goods and merchandise via a floor plan and certain trust receipts were executed by Colonial whereby it became obligated to remit to Admiral Credit Corporation or its assignee the sums particularized in the trust receipt when the item covered by that receipt was sold. As is common in regulating floor plan arrangements the plaintiff assignee frequently inspected the premises of Colonial and, as a result of such inspection, discovered that Colonial had sold numerous items of merchandise ‘ ‘ out of trust ’ ’ by failing to remit to plaintiff the invoiced amounts received from such sales. Colonial Home Equipment Corporation had other financial difficulties and petitioned for relief under the Federal Bankruptcy Act. A trustee has been appointed and the plaintiff in this action is a general creditor in the bankruptcy proceeding. This action *688 was commenced against the officers, directors and sole stockholders of Colonial, the complaint alleging a cause of action in contract, in that the named defendants personally and knowingly sold the trust items and failed to remit to plaintiff the invoiced amounts, and a cause of action in conversion. The individual defendants have cross-moved to dismiss the complaint and for summary judgment in their favor.
The complaint is silent as to its source of authority to maintain this action. The plaintiff dealt with a corporation. It now sues the individual officers, directors and sole stockholders. The action would not he maintainable against these defendants under the provisions of sections 719 or 720 of the Business Corporation Law. Section 719 is not adaptable to these facts and the relief provided for in section 720 against individual officers and directors is available only to judgment creditors. However, both sections 719 and 720 of the Business Corporation Law, by their terms, preserved liability of officers and directors in those instances where they actually participated in frauds, misfeasance or other kinds of tortious conduct injurious to third parties. (Hinckle Iron Co. v. Kohn, 229 N. Y. 179.) Consequently, the motion of the individual defendants to dismiss the complaint must be denied. The complaint alleges two viable causes of action, one in conversion and the other in breach of contract. An officer or director of a corporation is personally liable for his acts which constitute a conversion of the property of a third person and it is no answer to such liability that the act was done while the officer or director was acting for the corporation. If such an individual participated in such acts liability follows. (Hinckle Iron Co. v. Kohn, supra.) The only issue is whether the plaintiff assignee is entitled to summary judgment.
In my view, each case seeking summary relief against individual officers or directors is sui generis and must take form after considering the individual facts. In this case- the trust receipts covering merchandise allegedly converted are dated December 27, 1968, September 26, 1969, October 24, 1969 and January 2, 1970. They cover a span of time slightly in excess of two years and, yet, plaintiff’s affidavits are redundant and contradictory as to when the conversions took place. At page 3 of the affidavit of -Mr. Potts, credit manager of plaintiff, it clearly appears that monthly inspections of the premises of Colonial Home Equipment Corporation were made and, yet, the absence of the merchandise was not discovered until February, 1970 when Mr. Martin made an inspection. Next, both the affidavits of Mr. Potts and Mr. Martin reveal that plaintiff *689 was aware for some time that the Colonial Home Equipment Corporation was in financial difficulty and, further, that it owed plaintiff for merchandise sold out of trust. In fact, both affidavits aver that a compromise was sought to be effected to pay the indebtedness. It seems clear that plaintiff assignee continued to do business with the corporation of which defendants were officers and directors long after it had personal knowledge that certain merchandise had been sold for which payment had not been made. If, for business reasons, it elected to continue doing business with this knowledge, has it not raised a triable issue of whether it can now look for complete relief from the officers and directors of a corporation which has declared itself bankrupt? This is not to say that the conduct of plaintiff constituted a waiver of its rights but, rather, to suggest that a conversion may be waived or an estoppel to assert a conversion may be created by the acceptance of part payment, although to have this effect it must appear that the payment was taken for the property and not upon the claim of conversion. (See 3 ALE 2d 228.) Next, plaintiff may have defused its right to seek relief against individual officers and directors it permitted to continue to sell merchandise covered by trust receipts. The liability of the individuals sued depends on their tortious conduct that injured the plaintiff. If they acted in consort with the plaintiff in the hope or expectation that business would get better and the condition of indebtedness to plaintiff thereby relieved, it is questionable if the plaintiff can now be heard to complain. In any event, a trial should be held to determine exactly what items covered by what receipts were sold out of trust and exactly what arrangements were made, if any, for business continuation after the plaintiff discovered the out-of-trust sales.
The plaintiff’s motion for summary judgment is denied.
The defendants’ cross motions to dismiss the complaint and for summary judgment are denied.