PER CURIAM.
Final judgment holding that appellant auctioneer is liable to appellee which held a valid and recorded mortgage on some cattle sold by appellant at auction as agent for appellee’s mortgage debtor is in conformity with the majority view on the subject expressed in the following authorities:
15 Am.Jur.2d, Chattel Mortgages, Section 158:
“Although there is some authority to the contrary, the general rule followed by the courts is that an agent, auctioneer, or commission merchant who sells mortgaged property for the mortgagor without the mortgagee’s consent, is liable to the mortgagee for conversion if the mortgage has been recorded.”
7 Am.Jur.2d, Auctions and Auctioneers, Section 68:
“An auctioneer who sells property in behalf of a principal having no title thereto is personally liable to the true owner for conversion, regardless of whether he had notice of the true owner’s title, or whether he acted with the utmost good faith in total ignorance thereof, provided, however, that the true owner has not by his own act or assent given a col- or of title or an apparent right of sale to the party for whom the auctioneer acts. *533 The fact that the auctioneer has sold the goods and turned over the proceeds to his principal in innocence and good faith affords him no protection.
“The rule of liability on the part of the auctioneer applies where he innocently sells stolen property; where he sells property in behalf of a vendee under a conditional sale in whom title has not yet vested; where he sells property in behalf of a mortgagee under a void mortgage; and in some cases, where the auctioneer, even though without actual knowledge of the mortgage, sells mortgaged goods at the instance of the mortgagor.”
Affirmed.
SPECTOR, C. J., and CARROLL, DONALD K. and WIGGINTON, JJ., concur.