Edward J. Greenfield, J.
Plaintiff Air Traffic Conference (ATC) moves for a preliminary injunction (a) restraining defendant Leetex Company (Leetex), a commercial factor, from collecting accounts receivable representing payment for tickets for air transportation sold by the defendant Downtown Travel Center, Inc. (Downtown); (b) compelling Leetex to return and pay over to ATC any moneys thus far collected upon such accounts or, in the alternative, deposit them in a special escrow account; and (c) restraining Downtown from assigning any further accounts receivable from the sale of such tickets to the defendant Leetex.
Plaintiff is a nonprofit trade association representing virtually all of the scheduled air carriers certified by the CAB and its prime function on behalf of these carriers is to enter into and administer standardized sales agency agreements with travel agents throughout the United States. These agreements are routinely filed with the CAB in Washington, D. C., and fully define the duties and responsibilities of the travel agent vis-á-vis ATC. Paragraph 4 of the agreement provides that ATC’s standard ticket stock shall be held in trust by the agent *153 until issued to the agent’s clients to cover transportation purchased and paragraph 5 provides that all moneys realized from the sale thereof, less applicable commissions to which the agent is entitled, shall be deposited in a special account in the name of the agent in trust for ATC and shall be the property of the carriers whom ATC represents. The agreement further provides that the agent was to report and remit the proceeds of the sale of its ticket stock to ATC three times each month.
According to plaintiff, Downtown made the required reports and faithfully remitted the proceeds of its ticket sales from the inception of its agency agreement in 1962 until December, 1975, when it closed its doors and went out. of business. Plaintiff further states that it had no knowledge that Downtown had been assigning its accounts receivables from the ticket sales to Leetex since February, 1963 or that Leetex, in September, 1964, had filed a financing statement pursuant to the Uniform Commercial Code with respect to the assigned accounts which appear to have been continued and remains in effect. In return for these assignments, Leetex states that it advanced sums to Downtown generally approximating 75% of the face amount of the assigned accounts. At present the outstanding balance of receivables held by Leetex from Downtown’s accounts is in excess of $300,000. Leetex further claims that the defendant Sherman, president of Downtown, has advised it that all payments made by Downtown to plaintiff were ordinary checks with no indicia of either a trust or segregated account and that the first knowledge received by it that plaintiff was claiming Downtown’s receipts from ticket sales to be trust funds was upon commencement of this action.
The primary issue to be determined in deciding the rights of the parties to the proceeds of the accounts in question is whether or not Downtown was an agent-trustee of plaintiff or whether, as Leetex asserts, their relationship was, despite the terms of the agency agreement, actually that of debtor and creditor. Although no cases in this jurisdiction involving facts closely analagous to those at bar have been cited by the parties, and the court has found none, the Superior Court of California, in the case of Pan Amer. World Airways v Lev Art Travel (Index No. P-18990), in a well-reasoned decision with which this court concurs, has held that, under an agency agreement virtually identical to the one here involved, the travel agent should be regarded as a trustee of the proceeds of *154 its ticket sales and, thus, as having no beneficial or equitable interest therein. Consequently, the court found that the agent’s creditor, who had attached proceeds of such sales, merely stood in the agent’s shoes and could acquire no rights therein superior to those of the trust beneficiaries. Moreover, in reaching this conclusion, the court, in effect, rejected the creditor’s argument that the agent should be regarded as merely a debtor of the air carriers because of the fact that, as is here claimed, the carriers’ funds had not been kept in a separate account, as required by the agency agreement and that, as also here appears to be the case, the agent bore the risk of collection.
At bar, in lieu of the attaching creditor in the Pan Amer. case, we have a factor-assignee. If, as the California court found in that case, the travel agent-trustee has no beneficial or equitable interest in the proceeds of its sales, it follows that it could not lawfully assign them or create any valid security interest therein (see Uniform Commercial Code, § 2-403; Vanleigh Carpet Corp. v Schoor’s Iron Forge, 65 Misc 2d 504). Where money or property is entrusted to such an agent for a particular purpose, it is impressed by law with a .trust in favor of the principal until it has been devoted to such purpose; and if it is wrongfully diverted by the agent, such trust follows the fund or property into the hands of a transferee and the principal is ordinarily entitled to pursue and recover it so long as it can be traced and identified and the transferee is not a purchaser for value having no actual or constructive knowledge of the breach of faith (see 2 NY Jur, Agency, § 274). In the circumstances here presented, the claim of Leetex, a factor presumably sophisticated in all types of commercial practices, that it was unaware of the fiduciary obligations imposed upon Downtown by its agency agreement cannot be accorded serious weight. Under well-settled agency principles, it had a duty to inquire as to the extent of Downtown’s authority with respect to its accounts receivable and is chargeable with knowledge of whatever a diligent investigation thereof would reveal (2 NY Jur, Agency, § 77). Insofar as appears from the papers here submitted, however, Leetex failed to make any inquiry whatever. Accordingly, it may not now be heard to profess its ignorance of what even the most cursory investigation would doubtless have revealed. It is true, of course, as Leetex claims, that its factoring relationship with Downtown had been in existence for many years. Indeed, *155 according to Leetex, it had been factoring Downtown’s accounts since the inception of the latter’s business — a period of approximately 13 years. If, of course, plaintiff had actual knowledge of such practice and acquiesced in its continuance, it may well be estopped from now attempting to rely upon the trust provisions of the agency agreement. It vigorously denies any such knowledge, however, and defendant has presented no proof to the contrary.
On the foregoing analysis, it is concluded that plaintiff has made a substantial showing of merit to its claim of conversion against the defendants herein. Moreover, although Leetex asserts that its assets are substantially in excess of the amount sued for, it has presented no documentary proof to support such assertion. Since a substantial sum of money is involved and Downtown is apparently insolvent, the adequacy of plaintiff’s remedy at law is doubtful, at best.
Accordingly, the motion is granted to the extent of of granting, pendente lite, the injunctive relief requested in paragraphs A and C of the order to show cause herein as well as the portion of paragraph B thereof seeking to compel defendant Leetex to deposit any funds which it has thus far collected upon Downtown’s accounts receivables into a special escrow account.
Settle order including provisions allowing plaintiff to pursue collection procedures upon the unpaid accounts in question, placing the funds realized therefrom in the special escrow account, designating an appropriate bank for the maintenance of said account, and requiring plaintiff to post a suitable bond.