OPINION OF THE COURT
Anthony A. Scarping, Jr., J.
In an action for replevin pursuant to CPLR article 71 and other relief, transferred to this court by an order of the Supreme Court, Nassau County (Feinman, J), dated October 16, 2007, defendants Sotheby’s, Sotheby’s Holdings, Inc., Sotheby’s, Inc., Sotheby Parke Bernet, Inc. and Sotheby’s Art Sales Corp. move pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them.
Those branches of the motion which are to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) are denied. That branch of the motion which is to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred is granted to the extent that the cause of action for conversion with respect to item Nos. 4, 15, 26, 42 and 43 in schedule A of the amended complaint is dismissed as time-barred against the moving defendants.
At issue in this action, and a related proceeding commenced by the plaintiffs in this court pursuant to SCPA 2102 and 2105, is ownership of more than 200 works of art by Willem de Kooning (hereinafter the subject artwork). The decedent, and later defendant Marjorie Kassner (Ms. Kassner), as executrix of the decedent’s estate, consigned some of the subject artwork to defendant Sotheby’s, Inc. for auction. At least some of those consigned pieces were sold at auction.
In May 2007, the plaintiffs commenced an action in Supreme Court, Nassau County, against multiple defendants, including Sotheby’s, Inc. and other Sotheby’s entities. Specifically, the *514 other Sotheby’s entities consist of Sotheby’s, Sotheby’s Holdings, Inc., Sotheby Parke Bernet, Inc., and Sotheby’s Art Sales Corp. (hereinafter collectively referred to as the other Sotheby’s entities). In their amended complaint, the plaintiffs allege three causes of action against all defendants: (1) replevin; (2) conversion; and (3) money had and received (notice of motion, exhibit A) .
Each defendant, including Sotheby’s, Inc. and the other Sotheby’s entities, separately moved in Supreme Court, Nassau County, inter alia, to transfer the action to this court. Sotheby’s, Inc. and the other Sotheby’s entities also moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them. By order dated October 16, 2007, the Supreme Court, Nassau County (Feinman, J.), granted the defendants’ motions to transfer the action to this court pursuant to CPLR 325 (e), but it did not decide the CPLR 3211 motion to dismiss.
It is well settled that a motion to dismiss a complaint on the ground that the action is barred by documentary evidence (CPLR 3211 [a] [1]) “may be appropriately granted only where the documentary evidence utterly refutes plaintiffs factual allegations, conclusively establishing a defense as a matter of law” (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002], citing Leon v Martinez, 84 NY2d 83, 88 [1994]).
Here, the basis of the motion to dismiss pursuant to CPLR 3211 (a) (1) is that the other Sotheby’s entities were not parties to the consignment contract between the decedent and Sotheby’s, Inc. or Ms. Kassner and Sotheby’s, Inc. (Nicyper affirmation 1Í 5). Although this is true, those contracts state, in relevant part, the following: “As used herein, ‘we’, ‘us’ and ‘ours’ mean Sotheby’s, Inc. and any affiliated company offering Property for sale under this Agreement” (Sotheby’s motion, exhibit B) . The documentary evidence submitted in support of the motion fails to demonstrate that none of the other Sotheby’s entities offered any of the subject artwork for sale under the consignment agreement (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005]). Therefore, the court denies that branch of the motion which is to dismiss the complaint against the other Sotheby’s entities pursuant to CPLR 3211 (a) (1).
In connection with this, the court notes that it did not consider the evidence submitted by the other Sotheby’s entities for the first time in its reply papers (see Osborne v Zornberg, 16 *515 AD3d 643 [2005]; Jackson-Cutler v Long, 2 AD3d 590 [2003]; Adler v Suffolk County Water Auth., 306 AD2d 229 [2003]).
The other Sotheby’s entities also move pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them on the ground that the complaint fails to state a cause of action against them. Again, the basis of this branch of the motion is that “none of these entities had any involvement whatsoever with the alleged sales of’ the subject artwork consigned to Sotheby’s, Inc. (Sotheby’s mem of law at 8 n). Given that Sotheby’s motion papers fail to establish that they are entitled to dismissal of the complaint based upon the documentary evidence, this argument also fails. Therefore, that branch of the motion which is to dismiss the complaint pursuant to CPLR 3211 (a) (7) is also denied.
The more novel issue is whether the claims against all of the Sotheby’s entities (hereinafter collectively referred to as Sotheby’s) are time-barred (CPLR 3211 [a] [5]). Initially, because Sotheby’s motion papers address only the cause of action for conversion, the court will address only whether that cause of action is time-barred.
It is clear that “an auctioneer may be held personally liable for conversion where the auctioneer sells property in behalf of a principal who, as it turns out, never actually had title to, or the authority to dispose of, the property,” even if the auctioneer acted in good faith and without knowledge of its principal’s lack of title (Parker v P & N Recovery of N.Y., 182 Misc 2d 342, 346 [1999] [citations omitted]). The statute of limitations applicable to a cause of action for conversion is three years (CPLR 214 [3]). The determinative issue in this case is when the statute of limitations against Sotheby’s accrued.
Sotheby’s contends that the three-year limitations period began to run when the decedent and Ms. Kassner consigned some of the subject artwork to Sotheby’s, so that it exercised dominion and control over the artwork. They state that because this occurred no later than the last date of consignment (or April 16, 2004), and the plaintiffs filed their complaint on May 11, 2007, their action is untimely (Sotheby’s mem of law at 8 n 2).
The plaintiffs, on the other hand, assert that because Sotheby’s alleges that it was acting in good faith when it sold some of the subject artwork on behalf of the decedent and Ms. Kassner, the statute of limitations does not accrue as against Sotheby’s until the plaintiffs demanded return of the property. They fur *516 ther assert that because this did not occur more than three years before the action was commenced, their cause of action for conversion is not time-barred.
The court disagrees with both positions as to when the statute of limitations accrued.
In order to determine when the statute of limitations for conversion accrued against Sotheby’s, it is worthwhile to first define or characterize the relationships between the parties. The error in the plaintiffs’ position is that Sotheby’s was not a bona fide purchaser of the subject artwork which it accepted for consignment and sold. To the contrary, Sotheby’s was the decedent’s and Ms. Kassner’s agent (see Cristallina v Christie, Manson & Woods Intl., 117 AD2d 284 [1986]; Edwards v Horsemen’s Sales Co., 148 Misc 2d 212 [1989]). Further, based upon the plaintiffs’ position on this motion, it appears, at least for purposes of this motion, that the decedent and Ms. Kassner were bailees of the subject artwork for an indefinite duration, at least until he/she consigned the subject artwork to Sotheby’s for sale, and that Sotheby’s was a constructive bailee, at least until it sold such artwork (see Martin v Briggs, 235 AD2d 192 [1997]).
“A cause of action for conversion accrues ‘when all of the facts necessary to sustain the cause of action have occurred, so that a party could obtain relief in court’ ” (State of New York v Seventh Regiment Fund, 98 NY2d 249, 259 [2002], quoting Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 43 [1995]). Normally, this occurs on the date that the alleged conversion takes place (see Sporn v MCA Records, 58 NY2d 482, 488 [1983]). But, where possession is originally lawful (as in the case of a bona fide purchaser), “a conversion does not occur until the owner [of the property] makes a demand for the return of the property and the person in possession of the property refuses to return it” (Matter of Rausman, 50 AD3d 909, 910 [2008], quoting Matter of King, 305 AD2d 683 [2003]; see Martin v Briggs, 235 AD2d at 198 [“In a chattel bailment of indefinite duration, the Statute of Limitations does not begin to run against a bailee in lawful possession until the bailor makes a demand for the chattel’s return and the demand is refused”]). The Court of Appeals, however, has made clear that this latter rule regarding demand and refusal “has no application in a case where the lawful custodian of property commits an overt and positive act of conversion by an unlawful sale or disposition of the same” (MacDonnell v Buffalo Loan, Trust & Safe Deposit Co., 193 NY 92, 101 [1908]; see United States Fid. & Guar. Co. v *517 Newburger, 263 NY 16 [1933]; Heffernan v Marine Midland Bank, 283 AD2d 337 [2001]; Johnson v Gumer, 94 AD2d 955 [1983]; cf. State of New York v Seventh Regiment Fund, 98 NY2d at 260).
Applying the foregoing to the facts of this case, the sales of the individual pieces of artwork constituted “an overt and positive act of conversion” of those individual pieces of artwork by the decedent, Ms. Kassner and Sotheby’s sufficient to commence the running of the statute of limitations on the cause of action for conversion, at least with respect to each individual piece sold. The plaintiffs’ failure to demand the return of the artwork before those dates is irrelevant to the issue of when the cause of action for conversion accrued with respect to those individual pieces.
Schedule A attached to the plaintiffs’ amended complaint (Sotheby’s motion, exhibit A) indicates that Sotheby’s sold the individual pieces on the following dates: November 13, 2002 (item Nos. 15, 42, 43); May 14, 2003 (item Nos. 4, 26); and May 13, 2004 (item Nos. 3, 41). Review of the court file establishes, as Sotheby’s asserts, that the plaintiffs commenced this action on May 11, 2007. Therefore, the court concludes that the plaintiffs’ cause of action for conversion as against Sotheby’s with respect to the individual pieces of the subject artwork sold on or before May 11, 2004 is time-barred (CPLR 214 [3]). Accordingly, that branch of the motion which is to dismiss the cause of action for conversion against Sotheby’s is granted to the extent that such cause of action relates to item Nos. 4, 15, 26, 42 and 43.