Karen S. Jennemann, United States Bankruptcy Judge
Defendant Auctions America by RM, Inc. moves to dismiss Count I that asserts that it converted an antique car, a 1930 Cord, when it sold the car at an auction in violation of possessory interests of one of the Debtor's creditors, Dr. Susan Kolb.[1] Plaintiff Trustee, who now holds Dr. Kolb's claim,[2] opposes the Motion.[3] The Motion is denied.
Here is the undisputed timeline of relevant events:
• June 11, 2015 - A Georgia State Court orally ruled it would issue a writ of possession for Dr. Kolb to obtain the car.[4] On that date, the car was in a storage facility unit in Florida rented by the Debtor.[5] The car had no formal legal title papers.
• July 1, 2015 - Defendant removed the car from the storage unit in Florida with instructions from the Debtor to sell the car at a public auction.[6]
• July 10 and 13, 2015 - Dr. Kolb files her UCC Statement in Florida[7] and in Georgia.[8]
• July 20, 2015 - The Georgia State Court issued its Writ of Possession formally declaring Dr. Kolb could have the immediate possession of the car pending further court orders.[9]
• September 2, 2015 - Defendant sells the car at a public auction for $ 125, 000.[10]
*117 • September 11, 2015 - The State of Montana issues a legal title to car naming the Defendant as the owner.[11]
• September 17, 2015 - Defendant transfers title to the car to the buyer at the auction and later transfers the sale proceeds to the Debtor.[12]
• October 2015 - Dr. Kolb demanded the Defendant return the car.[13]
In Count I of the Complaint,[14] the Trustee contends the Defendant is strictly liable for conversion because it sold the car when its principal, the Debtor, had no right to sell the car under the Writ of Possession issued by the George State Court giving Dr. Kolb a possessory interest. In its Motion to Dismiss,[15] Defendant argues that Dr. Kolb's demand for return of the car occurred after the sale and that, because the Defendant did not know of the Georgia Writ of Possession or the contested ownership of the car at the time of the sale, the Trustee has failed to state a claim for conversion.[16]
Rule 12(b)(6) provides that before an answer is filed a defendant may seek dismissal of a complaint if the complaint fails to state a claim.[17] Disposition of a motion to dismiss under Rule 12(b)(6) focuses only upon the allegations and whether those allegations state a claim for relief. In reviewing a motion to dismiss, courts must accept the allegations as true and construe them in the light most favorable to the plaintiff.[18] Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[19] Rule 8(a)(3) requires a "demand for the relief sought."[20] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[21] For a complaint to survive a motion to dismiss, it must contain sufficient factual *118 matter to "state a claim to relief that is plausible on its face."[22] Facial plausibility is present "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23]
The tort of conversion is the "wrongful exercise of dominion or control over property to the detriment of the rights of one entitled to possession."[24] Florida courts recognize the common law tort of conversion. "[C]onversion occurs when a person asserts a right of dominion over chattel which is inconsistent with the right of the owner and deprives the owner of the right of possession."[25] "Under Florida law, the elements of conversion are (1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein."[26] Plaintiff must establish that he or she had the car or entitled to possession of the car at the time of the conversion for the claim to succeed.[27]
The rule for auctioneers, however, is slightly different and approaches almost strict liability for conversion when an auctioneer sells property in which its principal lacked marketable title.[28] The majority legal rule applicable in virtually all states, including Florida,[29] is that a sale by *119 an auctioneer for a principal who has no or questionable title to property is liable to the rightful owner even if the auctioneer does not know of the principal's lack of authority to sell. Lack of knowledge or the auctioneer's good faith simply is not a legal defense to conversion if an auctioneer improperly sells property. Similarly, the fact that the Writ of Possession did not issue until July 20, 2015, or that Dr. Kolb demanded no return of the car until after the sale is irrelevant. Defendant sold the car when its principal, the Debtor, arguably lacked the authority to transfer title, as alleged by the Trustee. Plaintiff has stated a claim for conversion against Defendant in Count I. Accordingly, it is
ORDERED:
1. The Motion to Dismiss (Doc. No. 15) is DENIED.
2. Defendant shall file an answer to Count I of the Complaint by January 8, 2018 .
3. A pre-trial conference is scheduled for 2:45 p.m. on January 9, 2018 , in Courtroom 6A on the Sixth Floor, 400 W. Washington Street, Orlando, Florida, 32801.

The Court dismissed the Trustee's unjust enrichment claim and took the balance of the Motion to Dismiss under advisement on September 27, 2018. Doc. No. 25. The Motion to Dismiss and supporting reply are Doc. Nos. 15 and 20.

The creditor, Dr. Susan Kolb, assigned her claims to the Trustee. Doc. No. 1, Exh. A.

Doc. No. 19.

Doc. No. 1, ¶ 25.

Id. at ¶ 23.

Id. at ¶ 28, Exh. K; Doc. No. 15, p. 5.

Doc. No. 1, ¶ 15, Exh. H; Doc. No. 15, p. 6.

Doc. No. 1, ¶ 16, Exh. I; Doc. No. 15, p. 6.

Doc. No. 1, ¶ 26, Exh. J; Doc. No. 15, p. 5.

Doc. No. 1, Exh. O.

Doc. No. 1, ¶ 33, Exh. M; Id. at ¶ 34, Exh. N.

Doc. No. 1, ¶ 35, Exh. O.

The exact date of the demand is not specified. Doc. No. 1, ¶ 37.

Doc. No. 1.

Doc. No. 15.

Defendant also challenges this Court's jurisdiction to resolve the Trustee's claims. The easy answer to this challenge is that Dr. Kolb has assigned this claim to the Trustee who will administer all proceeds as property of the estate to pay the Debtor's creditors in this bankruptcy case, which largely consists of the claim of Dr. Kolb. See, e.g., Bogdan v. JKV Real Estate Servs. (In re Bogdan) , 414 F.3d 507, 512 (4th Cir. 2005) ("Thus, the unconditional assignments acquired [by the Trustee] from the [creditors] after commencement of this bankruptcy case constitute 'property of the estate' that the [T]rustee is authorized to 'collect and reduce to money' on behalf of the estate"). Jurisdiction is proper to resolve the issues raised in this adversary proceeding.

Fed. R. Civ. P. 12(b)(6).

Brophy v. Jiangbo Pharm., Inc. , 781 F.3d 1296, 1301 (11th Cir. 2015) (quoting Piedmont Office Realty Trust, Inc. v. XL Speciality Ins. Co. , 769 F.3d 1291, 1293 (11th Cir. 2014) (quoting Hill v. White , 321 F.3d 1334, 1335 (11th Cir. 2003) ) ).

Rule (8)(a) is made applicable in adversary proceedings by virtue of Bankruptcy Rule 7008(a).

Fed. R. Civ. P. 8(a)(3).

Bell Atl. Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (internal citations omitted).

Ashcroft v. Iqbal , 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Twombly , 550 U.S. at 570, 127 S.Ct. 1955 ) (internal quotation marks omitted).

Id.

United States v. Bailey , 288 F.Supp.2d 1261, 1269 (M.D. Fla. 2003), affirmed United States v. Bailey , 419 F.3d 1208 (11th Cir. 2005) (citing Bel-Bel Int' Corp. v. Cmty. Bank of Homestead , 162 F.3d 1101, 1108 (11th Cir. 1998) ).

Energy Smart v. Musselman (In re Energy Smart, Inc.) , 381 B.R. 359, 377 (Bankr. M.D. Fla. 2007) (internal quotation marks and citations omitted).

TracFone Wireless, Inc. v. Hernandez , 196 F.Supp.3d 1289, 1299 (S.D. Fla. 2016) (internal quotation marks and citations omitted); See also Craig v. Kropp, No. 2:17-CV-180-FTM-99CM, 2017 WL 2506386, at *6 (M.D. Fla. June 9, 2017) (listing elements of conversion under Florida law).

Robinson v. Frese Hansen Anderson Anderson Heuston & Whitehead. P.A. , No. 612CV1064ORL41DAB, 2015 WL 12843854, at *7 (M.D. Fla. Mar. 31, 2015).

In re Vogel , 23 Misc. 3d 512, 515, 871 N.Y.S.2d 894, 897 (N.Y. Sur. 2009) ("It is clear that 'an auctioneer may be held personally liable for conversion where the auctioneer sells property in behalf of a principal who, as it turns out, never actually had title to, or the authority to dispose of, the property,' even if the auctioneer acted in good faith and without knowledge of its principal's lack of title."); See also United States v. LaGrange Stockyard, Inc. , 270 F.Supp. 492, 494 (N.D. Ga. 1967) ("In sales at auction the relationship between the seller and auctioneer is that of Principal and agent. An agent may be guilty of conversion even though he has no knowledge of the true owner's title and acts in good faith."); See also 4 Fla. Jur 2d Auctions and Auctioneers § 35 ("An auctioneer who sells property subject to a valid and recorded mortgage without the consent of the mortgagee is liable to the mortgagee."); See also 96 A.L.R.2d 208 ("The great weight of authority follows the rule that a sale by an auctioneer for a principal who has no title to the property or who holds it subject to a mortgage or other lien, or who for other reasons has no right to dispose of it, entails liability to the true owner, lienor, or conditional vendor, as for a conversion, on the part of the auctioneer who sells it under such circumstances, pays over the proceeds to the principal, and hands the property over to the purchaser with a view to passing the title to him, notwithstanding the auctioneer acts without knowledge of the principal's lack of authority to sell.7 In other words, in the jurisdictions following the majority rule the good faith of the auctioneer and his lack of knowledge is not a defense to the action.") (internal citations omitted).

Mills v. Commercial Bank & Trust Co. of Ocala , 255 So.2d 532, 532-533 (Fla. 5th DCA 1971).